693 So.2d 701 (1997)
Billy Joe BILES, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3013.
District Court of Appeal of Florida, Fifth District.
May 16, 1997.
James B. Gibson, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Billy Joe Biles, Milton, pro se.
No Appearance for Appellee.
PER CURIAM.
In this appeal conducted pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), our review of the record has disclosed no reversible error, except with regard to the sentences.
In a footnote, the public defender argues that the trial court's written sentence constitutes an improper general sentence under Dorfman v. State, 351 So.2d 954 (Fla.1977). We do not necessarily agree. While the written sentence is ambiguous, it appears to provide for concurrent probationary split sentences of 59 months prison followed by five years of probation for counts I and II, since the box for concurrent sentences is checked off. We note that the better practice would be to have a separate written disposition for each count.
However, we see two problems with the sentences. First, the written sentence is inconsistent with the trial court's oral pronouncement. At sentencing, the trial court, after indicating that appellant would receive 59 months prison and five years probation, stated: "Count one will be 59 months followed by probation in count two." But as indicated above, the court in its written disposition imposed two concurrent probationary split sentences of 59 months prison followed by five years probation for the two counts. While the court clearly intended to impose a guidelines sentence, it is otherwise impossible to determine from the record whether the court intended to impose concurrent probationary split sentences for the two counts or whether it intended to impose incarceration *702 on one count to be followed by probation on the other count.
Second, both of appellant's convictions were third-degree felonies with five-year statutory maximums. See § 316.193(3), Fla. Stat. (1995). While the trial court's oral disposition was for a legal sentence, the written disposition calls for illegal sentences of 59 months prison followed by five years probation for each count. Accordingly, under these circumstances we remand for resentencing, for the trial court to resolve the discrepancy between the oral pronouncement and the written sentences, while keeping the applicable statutory maximum in mind. See, e.g., Wilkins v. State, 543 So.2d 800 (Fla. 5th DCA), rev. denied, 554 So.2d 1170 (Fla.1989). We conclude that Justice v. State, 674 So.2d 123 (Fla.1996) (when sentence is reversed because trial court failed to orally pronounce certain special conditions of probation that later appeared in written sentence, appellate court must strike unannounced conditions and cannot reimpose them upon resentencing) is distinguishable and does not require a different result as it involved aspects of a sentence that were not orally pronounced at all. See Justice v. State, 658 So.2d 1028, 1034-1035 (Fla. 5th DCA 1995) (en banc) (Griffin, J., dissenting), quashed, 674 So.2d 123 (Fla.1996).
AFFIRMED in part; REVERSED and REMANDED in part for resentencing.
COBB, HARRIS and THOMPSON, JJ., concur.