699 So.2d 857 (1997)
Daniel MEDBERRY, Appellant,
v.
STATE of Florida, Appellee.
No. 96-2300.
District Court of Appeal of Florida, Fifth District.
October 3, 1997.
James B. Gibson, Public Defender, and Dan D. Hallenberg, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Appellee.
COBB, Judge.
The defendant appeals from his convictions and sentences for three counts of first degree *858 felony sexual battery and single counts of false imprisonment and grand theft of a motor vehicle. We find no merit to his first point on appeal but we agree that the trial court erred in adjudicating and sentencing him for three counts of first degree felony sexual battery.
Section 794.011, Florida Statutes (1993) sets out the different degrees of sexual battery:
(3) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury commits a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(4) A person who commits sexual battery upon a person 12 years of age or older without that person's consent, under any of the following circumstances, commits a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084:
(a) When the victim is physically helpless to resist.
(b) When the offender coerces the victim to submit by threatening to use force or violence likely to cause serious personal injury on the victim, and the victim reasonably believes that the offender has the present ability to execute the threat.
(c) When the offender coerces the victim to submit by threatening to retaliate against the victim, or any other person, and the victim reasonably believes that the offender has the ability to execute the threat in the future.
(d) When the offender, without the prior knowledge or consent of the victim, administers or has knowledge of someone else administering to the victim any narcotic, anesthetic, or other intoxicating substance which mentally or physically incapacitates the victim.
(e) When the victim is mentally defective and the offender has reason to believe this or has actual knowledge of this fact.
(f) When the victim is physically incapacitated.
(5) A person who commits sexual battery upon a person 12 years of age or older, without that person's consent, and in the process thereof does not use physical force and violence likely to cause serious personal injury commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
(6) The offense described in subsection (5) is included in any sexual battery offense charged under subsection (3) or subsection (4).
The defendant was charged by information with three counts of sexual battery on a person 12 years of age or older without consent and with the use or threatened use of a deadly weapon or use of actual physical force likely to cause serious bodily injury. Each of the three counts reference section 794.011(3). As set forth in section 794.011(3), this offense constitutes a life felony. The court instructed the jury on sexual battery with a weapon, sexual battery and battery and the jury returned a verdict finding the "Defendant guilty of the lesser included offense of Sexual Battery." Was this verdict pursuant to subsection (4), a first degree felony, or subsection (5), a second degree felony?[1]
The state sought instructions on sexual battery as charged in the information and what it referred to as "regular sexual battery." *859 The jury was instructed in accordance with subsections (3) and (5) but was not instructed in accordance with subsection (4). Thus, when the jury convicted the defendant of the lesser included offenses of sexual battery, it did so pursuant to section 794.011(5), which is a second degree felony.
The trial court erred in adjudicating the defendant guilty of three counts of first degree felony sexual battery. The convictions for three counts of sexual battery and single counts of false imprisonment and grand theft of a motor vehicle are affirmed but the written judgment is reversed for correction of the sexual battery counts which should be identified as felonies of the second degree. The sentences are vacated. Upon resentencing the court, which had entered a single sentencing order imposing concurrent terms of 27 years imprisonment on each count, should enter separate sentences on each count. See Biles v. State, 693 So.2d 701(Fla. 5th DCA 1997).
AFFIRMED IN PART; JUDGMENT REVERSED FOR CORRECTION; SENTENCES VACATED AND CAUSE REMANDED FOR RESENTENCING.
DAUKSCH and W. SHARP, JJ., concur.
NOTES
[1] The state does not address this question in its answer brief but rather argues that the defendant failed to raise this matter below and that since July 1, 1996, such unpreserved error cannot be raised on direct appeal. See § 924.051(3), Fla. Stat. Section 924.051 became effective on July 1, 1996. Ch. 96-248, §§ 4, 9, Laws of Florida. Subsection (3) provides:

An appeal may not be taken from a judgment or order of a trial court unless a prejudicial error is alleged and is properly preserved or, if not properly preserved, would constitute fundamental error. A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error.
Absent fundamental error, a defendant sentenced after July 1, 1996, must preserve by timely and appropriate action in the trial court any error in his sentence. See Neal v. State, 688 So.2d 392 (Fla. 1st DCA 1997), rev. denied, 698 So.2d 543 (Fla. 1997).
While the defendant was sentenced here on July 19, 1996, fundamental error is involved where a defendant is adjudicated and sentenced for offenses greater in degree than returned in the verdicts. This issue is properly considered on appeal.