824 So.2d 1058 (2002)
Daniel C. MEDBERRY, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D01-3726.
District Court of Appeal of Florida, Fifth District.
September 6, 2002.
Daniel C. Medberry, Indiantown, pro se.
No Appearance for Respondent.
PALMER, J.
Several years ago, Daniel C. Medberry appealed his judgments and sentences entered in Ninth Judicial Circuit Court Case No. CR93-1697. This court upheld Medberry's judgments and sentences, except that his case was remanded for resentencing on his three sexual battery convictions. Medberry v. State, 699 So.2d 857 (Fla. 5th DCA 1997). After he was re-sentenced, Medberry again appealed, but this court per curiam affirmed without opinion. Medberry v. State, 718 So.2d 1256 (Fla. 5th DCA 1998).
Medberry continued to attack his judgments and sentences by filing collateral *1059 motions.[1] In fact, a review of his current 74-page request for a belated appeal shows that it is identical to his previously filed 74-page request for a belated appeal in Case No. 5D00-91. That previous petition was denied on the merits on February 18, 2000. After Medberry unsuccessfully sought rehearing here, he unsuccessfully sought review in the Florida Supreme Court. Medberry v. State, 763 So.2d 1043 (Fla.2000).
When Medberry filed this identical petition almost two years later, he did what this court expressly stated was improper in Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995)(holding that it is an abuse of process for petitioner to resubmit same pleading, merely affixing a new cover page and changing the terms used to describe the parties); namely, he changed only the last page. Therefore, this court issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999)(holding that a court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond).
Having received and found no merit to his response, and because Medberry has repeatedly abused the judicial system in this regard, he qualifies for this court's "enough is enough" rule. See, e.g., Gourley v. State, 820 So.2d 993 (Fla. 5th DCA 2002); Werts v. State, 722 So.2d 982 (Fla. 5th DCA 1999); Davis v. State, 705 So.2d 133 (Fla. 5th DCA 1998).[2]
Accordingly, we prohibit Daniel C. Medberry from filing any additional pro se appeals, pleadings, motions and petitions relating to Ninth Judicial Circuit Court Case No. CR93-1697. Any further pleadings filed in this court relating to his judgment and sentence in that case must be reviewed and signed by an attorney, licensed to practice law in Florida. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Medberry related to Case No. CR93-1697.
DENIED.
SAWAYA and ORFINGER, R.B., JJ., concur.
NOTES
[1] In addition to the four cases mentioned in this opinion, by our count, Medberry's other cases in this court regarding lower court No. CR93-1697 include: Nos. 5D01-122; 5D00-2783; 5D00-1570; 5D97-3454; 5D96-3407; and 5D96-3160.
[2] This current case is actually Medberry's 28th appearance in this court, but the other 18 appearances involve other lower court cases. He also has been barred from filing any further in forma pauperis civil filings in the federal system on the ground that he had had three or more prior law suits dismissed as being frivolous, malicious, or for failing to state a claim. Medberry v. Butler, 185 F.3d 1189 (11th Cir.1999).