MONACO, J.
Defendant Travoris Lamar George, who entered into a negotiated plea resulting in his incarceration in the DOC for the sixth time, petitions for a writ of habeas corpus. We deny the writ. When this court affirmed the summary denial of his third Rule 3.850 motion in 2000, we expressly warned George that further attacks upon his conviction would be improper and successive. George v. State, 764 So.2d 905 (Fla. 5th DCA 2000), cause dismissed, 837 So.2d 409 (Fla.2003). Undaunted, George again asserts the same evidentiary claim he has raised several times before.
Because his claim had been rejected on the merits both at the trial court level and in this court, we issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). We have received and find no merit to his response. As George has repeatedly abused the judicial system in this regard, he qualifies for this court’s “enough is enough” rule. We hold that George is precluded from filing any additional pro se appeals, pleadings, motions or petitions pertaining to his convictions and sentences for Case No. 98-252-CF, Seventh Judicial Circuit, in and for Putnam County, unless reviewed and signed by an attorney licensed to practice in the State of Florida. The clerk of this court is directed not to accept from George, as petitioner or appellant, any further pro se pleadings or filings relating to that case. See Jackson v. Florida Dep’t of Corr., 790 So.2d 398 (Fla.2001), cert. denied, 536 U.S. 908, 122 S.Ct. 2365, 153 L.Ed.2d 186 (2002); Vickson v. Singletary, 734 So.2d 376 (Fla.1999); Medberry v. State, 824 So.2d 1058 (Fla. 5th DCA 2002); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
PETITION FOR WRIT OF HABEAS CORPUS DENIED.
PALMER and ORFINGER, JJ., concur.