IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

LEROY WILLIAMS,

      Petitioner,

v.                                Case No. 5D15-4464

STATE OF FLORIDA,

      Respondent.

_____/

Opinion filed February 26, 2016

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Leroy Williams, Daytona Beach, pro se.

No Appearance for Respondent.

PER CURIAM.

ON ORDER TO SHOW CAUSE

Leroy Williams was indicted in 1994 for first-degree murder and robbery with a deadly weapon. He was convicted of both charges and sentenced to life in prison on the murder conviction and a concurrent 120 months in prison for the armed robbery. This court affirmed his convictions and sentences without opinion. *Williams v. State*, 718 So. 2d 1257 (Fla. 5th DCA 1998).

Subsequent to his unsuccessful direct appeal, Williams filed numerous postconviction motions which were denied, and each of those denials was affirmed by this court on appeal.[1] On January 6, 2016, we denied Williams' latest filing, a petition for

_____

[1] *Williams v. State*, 115 So. 3d 1013 (Fla. 5th DCA 2013) (denial of 3.850 motion); *Williams v. State*, 84 So. 3d 335 (Fla. 5th DCA 2011) (denial of 3.850 motion); *Williams*

writ of habeas corpus, by unpublished order and contemporaneously issued an order directing Williams to show cause why he should not be prohibited from filing any appeal, petition, pleading, or motion pertaining to the convictions and sentences rendered in Orange County Circuit Court Case No. CR94-11724-C, unless reviewed and signed by an attorney licensed to practice law in the State of Florida. *See State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999).

Williams filed a response, which this court has carefully reviewed. The bulk of Williams' response is a rehashing of his recent, meritless habeas corpus petition. We find no merit to the response, and, because Williams has repeatedly abused the judicial system with his frequent, frivolous filings, we conclude that he qualifies for this court's "enough is enough" rule. *See Isley v. State*, 652 So. 2d 409, 410–11 (Fla. 5th DCA 1995). Accordingly, we hold that Williams is precluded from filing any additional appeals, motions, pleadings, or petitions pertaining to his convictions and sentences in Case No. CR94-11724-C, Ninth Judicial Circuit Court, in and for Orange County, unless reviewed and signed by an attorney licensed to practice law in the State of Florida. The clerk of this court is directed not to accept from Williams, as a petitioner or appellant, any further pro se pleadings or filings relating to that case. *See Medberry v. State*, 824 So. 2d 1058, 1059 (Fla. 5th DCA 2002).

FUTURE PRO SE FILINGS ARE PROHIBITED.

BERGER, LAMBERT, and EDWARDS, JJ., concur.

---

*v. State*, 969 So. 2d 1038 (Fla. 5th DCA 2007) (denial of 3.800 motion); *Williams v. State*, 937 So. 2d 1147 (Fla. 5th DCA 2006) (denial of habeas corpus petition filed in circuit court); *Williams v. State*, 903 So. 2d 950 (Fla. 5th DCA 2005) (denial of 3.850 motion); *Williams v. State*, 732 So. 2d 1084 (Fla. 5th DCA 1999) (denial of 3.850 motion).