IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

FRANK OWENS,

    Appellant,

v.
Case No.  5D16-650

STATE OF FLORIDA,

    Appellee.

_____/

Opinion filed April 22, 2016

3.800 Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Frank Owens, Lake City, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Allison Leigh Morris,
Assistant Attorney General, Daytona
Beach, for Appellee.

ON ORDER TO SHOW CAUSE

PER CURIAM.

In 2006, following a jury trial, Frank Owens was adjudicated guilty of two counts of attempted aggravated assault with a firearm, one count of battery, and one count of tampering with a witness.  On direct appeal, this court affirmed the convictions and sentences without opinion.  *Owens v. State*, 970 So. 2d 846 (Fla. 5th DCA 2007).

Subsequent to his unsuccessful direct appeal, Owens has filed numerous petitions with this court, which were either denied or dismissed, as well as several postconviction motions with the circuit court, which were denied, and those denials were affirmed by this court on appeal.[1] We recently affirmed, without opinion, Owens' latest appeal of the lower court's denial of a postconviction motion to correct an illegal sentence. *Owens v. State*, No. 5D16-650, 2016 WL 1071413 (Fla. 5th DCA March 15, 2016). We also contemporaneously issued an order directing Owens to show cause why he should not be prohibited from filing any appeal, petition, pleading, or motion pertaining to the convictions and sentences rendered in Orange County Circuit court Case No. 2005-CF-017072-A-O, unless reviewed and signed by an attorney licensed to practice law in the State of Florida. *See State v. Spencer*, 751 So. 2d 47 (Fla. 1999).

Owens filed a response, which this court has now reviewed. We find no merit to the response, and, because Owens has repeatedly abused the judicial system with his frequent, frivolous filings, we conclude that he qualifies for this court's "enough is enough" rule. *See Isley v. State*, 652 So. 2d 409, 410–11 (Fla. 5th DCA 1995). Accordingly, we hold that Owens is precluded from filing any additional appeals, motions, pleadings, or petitions pertaining to his convictions, judgments and sentences in Case No. 2005-CF-017072-A-O, Ninth Judicial Circuit Court, Orange County, Florida,

---

[1] *Owens v. State*, 177 So. 3d 1277 (Fla. 5th DCA 2015) (denial of 3.800 motion); *Owens v. State*, 150 So. 3d 1173 (Fla. 5th DCA 2014) (denial of 3.850 motion); *Owens v. State*, 145 So. 3d 119 (Fla. 5th DCA 2013) (denial of 3.850 motion); *Owens v. State*, No. 5D13-3297 (Fla. 5th DCA Nov. 14, 2013) (denial of habeas corpus petition alleging ineffective assistance of appellate counsel); *Owens v. State*, No. 5D10-3454 (Fla. 5th DCA Nov. 24, 2010) (denial of "all writs" petition); *Owens v. State*, 22 So. 3d 92 (Fla. 5th DCA 2009) (denial of 3.800 motion); *Owens v. State*, No. 5D09-1965 (Fla. 5th DCA June 16, 2009) (dismissal of petition for writ of certiorari); *Owens v. State*, No. 5D08-1317 (Fla. 5th DCA Dec. 15, 2008) (denial of habeas corpus petition alleging ineffective assistance of appellate counsel).

unless reviewed and signed by an attorney licensed to practice law in the State of Florida. The clerk of court is directed not to accept from Owens, as a petitioner or appellant, any further pro se pleadings or filings relating to that case. *See Medberry v. State*, 824 So. 2d 1058, 1059 (Fla. 5th DCA 2002).

FUTURE PRO SE FILINGS ARE PROHIBITED.

SAWAYA, PALMER, and LAMBERT, JJ., concur.