652 So.2d 409 (1995)
Clarence ISLEY, Petitioner,
v.
STATE of Florida, Respondent.
No. 95-75.
District Court of Appeal of Florida, Fifth District.
March 3, 1995.
*410 Clarence R. Isley, pro se.
No appearance for respondent.
W. SHARP, Judge.
This case reminds me of my grandmother's final warning and admonition to me and my siblings as children, when we had exhausted her patience with our doings. "Enough is enough," she would say. And that was the end of it.
Isley is a frequent applicant to this court. This is his ninth visit since this court affirmed his conviction and sentence for second degree murder of his wife in 1990.[1] Isley filed an appeal from the trial court's denial of a rule 3.850 motion, claiming his plea was involuntary and alleging ineffective assistance of counsel. This court affirmed without opinion. Isley v. State, 581 So.2d 173 (Fla 5th DCA 1991). Isley filed another motion pursuant to rule 3.850, which was denied by the trial court. On appeal, this court affirmed without opinion. Isley v. State, 611 So.2d 533 (Fla. 5th DCA 1992).
In February 1993, Isley filed a rule 3.800 motion with the trial court, which was denied. On appeal from that denial, this court affirmed without opinion. Isley v. State, 620 So.2d 776 (Fla. 5th DCA 1993). He filed a subsequent motion pursuant to rule 3.850. The trial court denied it and this court again affirmed without opinion. Isley v. State, 634 So.2d 638 (Fla. 5th DCA 1994).
This proceeding involves Isley's petition for habeas corpus relief. However, he has merely put a fresh cover page on his standard rule 3.850 motion, and he attempts to reallege that he received ineffective assistance of trial counsel, and that his plea was involuntary because of poor advice of counsel and because at the time of the plea he was incompetent. Specifically he alleges:
1. The petitioner Contends That His Lawyer Was Ineffective When He Failed To Investigate Illegal Acts By Police Detective Delingo.
2. The petitioner Contends That His Court Appointed Lawyer Coerced Him Into Accepting His Nolo Plea.
3. Failure To Investigate Facts Supporting Insanity Plea.
This petition raises issues basically identical to those in his appeal from the denial of his rule 3.850 motion. Isley v. State, 634 So.2d 638 (Fla. 5th DCA 1994). In fact, he appears to have resubmitted the same pleading in this case as in that one. He merely dressed it in a new cover page, reshuffled the pages, and whited out "motion" for "petition" and "defendant" for "petitioner."
Isley is now well beyond the two year time limit for filing motions pursuant to rule 3.850 and he has failed to allege any valid exception to the limitations period. Rule 3.850 provides that no motion, other than to vacate a sentence which exceed the limits provided by law, may be filed or considered more than two years after the judgment and sentence became final, unless the motion alleges facts upon which the claim for relief is predicated which were unknown to the movant or his attorney and could not have been ascertained by due diligence within the two year time period, or unless a fundamental constitutional right asserted was not established until the two year time period had run, and that right has been held to apply retroactively. See, e.g., Bannister v. State, 606 So.2d 1247, 1248 (Fla 5th DCA 1992). There is not a shred of a suggestion Isley could allege such an exception to the two year time limit, nor has he attempted to do so. He will not be permitted to escape the two year limit by labeling this or any other pleading as a petition for habeas corpus. See Regal Marble, Inc. v. Drexel Invs., Inc., 568 So.2d 1281 (Fla. 4th DCA 1990); U.S. Fire Ins. Co. v. Franko, 443 So.2d 170 (Fla. 1st DCA 1983) (courts are concerned with the substance of pleadings, not the labels the parties place on them).
Further, res judicata and the law of the case, bar Isley's repetitive arguments concerning withdrawing his pleas and ineffective assistance of trial counsel. They have been heard, considered and rejected. To raise them again is an abuse of process. See Foster v. State, 614 So.2d 455 (Fla. 1993). Even if they had not specifically been raised *411 in a prior proceeding where other grounds concerning the involuntary nature of the plea or ineffective assistance of counsel were raised, they too would be barred. Jones v. State, 591 So.2d 911 (Fla. 1991); Adams v. State, 484 So.2d 1216 (Fla. 1986); Stewart v. State, 632 So.2d 59 (Fla. 1986). This bar to successive claims applies equally to petitions for habeas corpus. Mason v. State, 627 So.2d 1352 (Fla. 5th DCA 1993).
Isley's claims in this proceeding are untimely and successive, and, taken in the context of his prior appeals to this court, they constitute an abuse of process. Accordingly, in order to protect the limited judicial resources available to our judicial system and this court, we prohibit Isley from filing any further pro se pleadings with this court concerning his 1988 conviction and sentence. See In re Grant Anderson, ___ U.S. ___, 114 S.Ct. 2671, 129 L.Ed.2d 807 (1994). Enough is enough.
AFFIRMED.
PETERSON and DIAMANTIS, JJ., concur.
NOTES
[1] Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990).