683 So.2d 1156 (1996)
Robert FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1840.
District Court of Appeal of Florida, Fifth District.
December 13, 1996.
Robert Freeman, Raiford, pro se.
No Appearance for Appellee.
W. SHARP, Judge.
Freeman appeals from the summary denial of this third Rule 3.850 motion for postconviction relief. After his conviction and sentence for sexual battery as an habitual offender was affirmed on appeal, Freeman filed his first Rule 3.850 motion. It was affirmed without opinion. Freeman v. State, 648 So.2d 326 (Fla. 5th DCA 1995). His second Rule 3.850 motion was affirmed per curiam, as successive. Freeman v. State, 669 So.2d 1068 (Fla. 5th DCA 1996).
We likewise affirm this third Rule 3.850 proceeding. It is successive. See Helms v. State, 659 So.2d 1138 (Fla. 5th DCA 1995). It is also untimely since the motion was filed two years and five months after the judgment and sentence became final, and it contains no valid reason why the two year time limit should not be applicable. Fla. Rule Crim. Proc. 3.850(b). We further warn Freeman that future such motions will be stricken as an abuse of process and he may be barred from filing any further pro se appeals regarding his conviction and sentence. See Wareham v. State, 678 So.2d 432 (Fla. 5th DCA 1996).
AFFIRMED.
HARRIS and THOMPSON, JJ., concur.