885 So.2d 477 (2004)
Robert L. FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2243.
District Court of Appeal of Florida, Fifth District.
October 29, 2004.
Robert L. Freeman, Lake City, pro se.
No Appearance for Appellee.
THOMPSON, J.
In this 12-year-old case, Robert L. Freeman was convicted of sexual battery. He was sentenced in September 1992 as a habitual violent felony offender to 30 years incarceration, with a 15-year minimum mandatory term. His conviction was affirmed on direct appeal. Freeman v. State, 630 So.2d 195 (Fla. 5th DCA 1993). He then began his post-conviction assaults. At one point, this court recounted Freeman's post-judgment challenges to date, stated that his current proceeding was successive, and added: "We further warn Freeman that future such motions will be stricken as an abuse of process and he may be barred from filing any further pro se appeals regarding his conviction and sentence." Freeman v. State, 683 So.2d 1156, 1156 (Fla. 5th DCA 1996).
Freeman continued his post conviction attacks. This court issued a show cause *478 order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999) (court can restrict future pro se pleadings if it first provides a pro se litigant notice and an opportunity to respond), directing defendant to respond. He did not. We hold that his successive challenges constitute an abuse of the judicial system. See, e.g., Gaffney v. State, 878 So.2d 470 (Fla. 5th DCA 2004); Proctor v. State, 869 So.2d 752 (Fla. 5th DCA 2004); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995); see also Baker v. State, 878 So.2d 1236 (Fla.2004) (limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice).
Therefore, in accordance with the Criminal Appeal Reform Act of 1996, and in order to conserve judicial resources, we prohibit Freeman from filing any additional pro se appeals, pleadings, motions and petitions relating to his conviction and sentence in the underlying case. Any further pleadings filed in this court relating to his conviction and sentence must be reviewed and signed by an attorney who is licensed to practice law in this state. The clerk of the court of the Fifth District Court of Appeal is directed not to accept any further pro se filings or pleadings from Robert L. Freeman regarding Orange County, Ninth Judicial Circuit Court Case No.1992-CF-266.
AFFIRMED; FUTURE PRO SE FILINGS PROHIBITED.
PETERSON and TORPY, JJ., concur.