903 So.2d 999 (2005)
Jessie James HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-624.
District Court of Appeal of Florida, Fifth District.
May 20, 2005.
Rehearing Denied June 21, 2005.
Jessie James Henderson, Okeechobee, pro se.
No Appearance for Appellee.
THOMPSON, J.
In May 1983, the defendant, Jessie James Henderson, tried to murder the victim by shooting him with a shotgun. He was convicted of attempted first-degree murder with a firearm in November 1983. This court affirmed Henderson's convictions and sentences over 20 years ago. See Henderson v. State, 456 So.2d 1194 *1000 (Fla. 5th DCA 1984). Now, Henderson appeals the summary denial of his fourth Rule 3.800(a) Motion To Correct Illegal Sentence.
As the trial court puts it: "Now, after 21 years, 5 post-conviction motions and 8 appeals, Henderson contends his sentence is illegal because the Court reclassified his offense from a first-degree felony to a life felony without the jury making a finding that a firearm was used." The trial court pointed out that the information specifically said Henderson tried to kill the victim "by shooting him with a deadly weapon or firearm, to-wit: a shotgun." When the jury found him guilty as charged, it specifically found that he was "guilty of attempted first-degree murder with a firearm as charged in information CR83-2258." Since Henderson was properly convicted of a life felony, he was not entitled to a guidelines sentence.[1]
We conclude this appeal is frivolous and an abuse of process. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough."). For 22 years, Henderson has been continually arguing that he is entitled to a guidelines sentence, and he is wrong. This court is not going to listen to this argument any longer. "[F]rivolous criminal appeals do the criminal defendant no good. They clog the court system and, worse, they hurt meritorious criminal appeals by inviting sweeping rulings and by engendering judicial impatience with the entire class of criminal defendants." United States v. Cooper, 170 F.3d 691, 692 (7th Cir.1999). "`[H]aving to file, read, and return a frivolous motion is almost as great a burden on the court's staff as the preparation of a ruling.'" Proctor v. State, 869 So.2d 752, 753 (Fla. 5th DCA 2004), quoting United States v. Robinson, 251 F.3d 594, 596 (7th Cir.2001).
The Criminal Appeal Reform Act of 1996 establishes the intent of the legislature that the terms and conditions of collateral review and procedural bars to collateral review be strictly enforced. O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA 1997). Because his appeals are dissipating limited judicial resources, and we expect they will continue, Jessie James Henderson is prohibited from filing with this court any further pro se pleadings or papers concerning Orange County Ninth Judicial Circuit Court Case No. CR83-2258. Any further pleadings or papers regarding this case will be summarily rejected by the Clerk of this Court, unless that pleading or paper is filed by a member in good standing of The Florida Bar.
AFFIRMED.
PETERSON and MONACO, JJ., concur.
NOTES
[1] Because first-degree murder is a capital felony, an attempt would be classified as a felony of the first-degree. See § 777.04(4)(a), Fla. Stat. (1981). Because of the use of a firearm, the defendant's conviction was enhanced to a life felony. See § 775.087(1)(a), Fla. Stat. (1981). A life felony committed prior to October 1, 1983, was punishable by a term of life imprisonment or for a term of years not less than 30 years. See § 775.082, Fla. Stat. (1983). Because the defendant committed his offense before October 1, 1983, his sentence of 75 years incarceration was "not less than 30." The guidelines did not apply to capital or life felonies committed prior to October 1, 1983. See § 921.001(4)(a), Fla. Stat. (1983). Thus, a defendant who committed a life felony prior to October 1, 1983, has no right to elect to be sentenced under the guidelines.