909 So.2d 427 (2005)
Lawrence SIMPKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-1753.
District Court of Appeal of Florida, Fifth District.
August 19, 2005.
Lawrence Simpkins, Chipley, pro se.
No Appearance for Appellee.
PER CURIAM.
The appellant Lawrence Simpkins appears here for the twelfth time. He was convicted of a 1995 capital sexual battery by an adult on a child less than twelve years old and sentenced to mandatory life *428 imprisonment under sections 794.011(2)(a) and 775.082(1), Florida Statutes (1995). This time, he appeals the denial of his Rule 3.800(a) motion which was correctly denied as improperly successive and without merit. Consequently, this court issued a Spencer Show Cause Order to Simpkins to explain why he is not abusing the legal process. See State v. Spencer, 751 So.2d 47 (Fla.1999). We have carefully reviewed his response, and it does not show good cause. Instead, it demonstrates that Simpkins obstinately persists in asserting erroneous interpretations of the law.
We conclude this appeal is frivolous and an abuse of process. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough."); O'Brien v. State, 689 So.2d 336, 337 (Fla. 5th DCA 1997) (Criminal Appeal Reform Act of 1996 establishes intent of Legislature that the terms and conditions of collateral review and procedural bars to collateral review be strictly enforced). Accordingly, in order to conserve judicial resources and because we expect Simpkins' appeals will continue, we prohibit Lawrence Simpkins from filing with this Court any further pro se pleadings or papers concerning Volusia County, Seventh Judicial Circuit Court Case No. 97-2126. The Clerk of this Court is directed not to accept any further pro se filings or pleadings concerning this case from Simpkins. Any further pleadings or papers regarding this case will be summarily rejected by the Clerk of this Court, unless that pleading or paper is filed by a member in good standing of The Florida Bar.
Further, the Clerk of this Court is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See section 944.279(1), Fla. Stat. (2004) ("A prisoner who is found by a court ... to have brought a frivolous or malicious collateral criminal proceeding, which is filed after September 30, 2004, or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections.") See Henderson v. State, 903 So.2d 999 (Fla. 5th DCA 2005) ("[F]rivolous criminal appeals do the criminal defendant no good. They clog the court system and, worse, they hurt meritorious criminal appeals by inviting sweeping rulings and by engendering judicial impatience with the entire class of criminal defendants."), quoting from United States v. Cooper, 170 F.3d 691, 692 (7th Cir.1999).
AFFIRMED; Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
PALMER, MONACO and TORPY, JJ., concur.