PER CURIAM.
Robert Jiminez appeals the denial of his fourth rule 3.800(a) motion to correct illegal sentence.[1] In this successive motion, Jiminez argued he was sentenced with an improperly calculated scoresheet. The trial court properly ruled he was not entitled to relief. We affirm with an opinion that prohibits Jiminez from filing pro se pleadings.
Jiminez was convicted of aggravated child abuse for performing what he called his “pile driver” wrestling move upon his girlfriend’s 3-year-old daughter. She was taken to the hospital after she was found on the floor, unconscious, with labored breathing. Hospital tests revealed one or two “bleeds” on her brain. At trial, a pediatric neurosurgeon testified that the toddler’s head injury was potentially life threatening caused by “non-accidental trauma.” The trial court reviewed his sentencing scoresheet, adjudicated Jiminez a habitual felony offender, and sentenced him to 15 years’ incarceration based in part on his prior New Jersey convictions. No objection to his prior convictions was raised at sentencing nor was this issue raised in his initial appeal. His conviction was affirmed. See Jiminez v. State, 767 So.2d 1224 (Fla. 5th DCA 2000).
Since that time, Jiminez has filed numerous pleadings contesting the New Jersey convictions used to habitualize him. This court issued a Spencer[2] show cause order “why he should not be denied further pro se access to the Court for any proceeding to further attack the conviction *57 and sentence rendered below in Volusia County, Seventh Judicial Circuit Court, case number 98-1189-CFWAS.” Appellant responded he was entitled to make this successive claim of an “illegal sentence based on procedural due process.”
At this point, Jiminez is abusing the judicial process by his successive attacks upon his conviction and habitual felony offender sentence. In order to conserve judicial resources, we prohibit Robert Jim-inez, a/k/a Robert Jimenez, from filing with this Court any further pro se pleadings concerning Volusia County, Seventh Judicial Circuit Court Case No. 98-1189 CFAWS. The Clerk of this Court is directed not to accept any further pro se filings concerning this case. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (“Enough is enough.”) The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
PLEUS, C.J., GRIFFIN, and THOMPSON, JJ., concur.

. See Fla. R. Crim. P. 3.800.

. State v. Spencer, 751 So.2d 47 (Fla.1999).