931 So.2d 173 (2006)
Anselm Lamonte WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4480.
District Court of Appeal of Florida, Fifth District.
May 19, 2006.
Rehearing Denied June 19, 2006.
*174 Anselm L. Wallace, Jasper, pro se.
No appearance by Appellee.
PALMER, J.
Anselm Wallace (defendant) is appealing the trial court's order denying his latest postconviction motion as well as the denial of a subsequently filed amended postconviction motion. We affirm.
Thirteen years ago, in exchange for receiving reduced charges, the defendant pled nolo contendere in Case Number 93-31110 to committing the crimes of attempted second-degree murder, armed robbery with a firearm, and possession of a firearm by a convicted felon. He also pled nolo contendere to violating his community control in Case Number 90-3410. As part of the plea arrangement, the defendant agreed to be sentenced as a habitual offender.
The defendant filed two pro se motions in the trial court seeking postconviction relief. The trial court denied both motions. We affirm, holding that the defendant's claims are procedurally barred because some of them were unsuccessfully raised eight or twelve years ago, and the rest are either untimely rule 3.850 claims or without merit. See Hope v. State, 766 So.2d 343 (Fla. 5th DCA 2000); Fla. R.Crim. P. 3.850.
We further conclude that the instant motions are frivolous and an abuse of process. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (explaining: "Enough is enough."); see also Glasco v. State, 914 So.2d 512, 512 (Fla. 5th DCA 2005) (explaining that frivolous collateral appeals clog the courts and hurt meritorious appeals by inviting sweeping rulings and by engendering judicial impatience with all defendants); Henderson v. State, 903 So.2d 999, 1000 (Fla. 5th DCA 2005) (noting that for many years, defendant has made this claim "and he is wrong. This court is not going to listen to this argument any longer."); Freeman v. State, 885 So.2d 477, 478 (Fla. 5th DCA 2004)(holding that there is a need to limit successive claims to give due weight to the finality and presumption of legality of a final judgment and to restore the public's confidence in our criminal system of justice).
Accordingly, in order to conserve judicial resources, we prohibit the defendant from filing with this Court any further pro se pleadings concerning Volusia County, Seventh Judicial Circuit Court Case Number 90-3410 and Case Number 93-31110. The Clerk of this Court is directed not to accept any further pro se filings concerning these cases from the defendant. Any more pleadings regarding these cases will *175 be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
SHARP, W., and GRIFFIN, JJ., concur.