PER CURIAM.
Steven Corn appeals from an order denying his petition for writ of habeas corpus. We affirm.
Corn pled no contest to aggravated child abuse on July 9, 2003. The trial court conducted a full plea colloquy, and accepted Corn’s plea. The agreement was that the State would waive the guidelines so that Corn could argue for a sentence that was less than the bottom of the guidelines. It was also agreed that the lower court would order a pre-sentence investigation, and set off sentencing. At the plea hearing, the lower court explained the maximum penalty and that Corn faced up to the maximum in what was, essentially, a plea to the bench. At sentencing, Corn requested a three-year prison sentence. The lower court imposed a sentence of seven years in prison, followed by three years of probation. Corn appealed, and we affirmed. Corn v. State, 870 So.2d 902 (Fla. 5th DCA 2004) (table).
Corn then filed a series of post-conviction motions. Relief was denied in each instance, and we affirmed in each instance. See Corn v. State, 882 So.2d 396 (Fla. 5th DCA 2004) (table); Corn v. State, 892 So.2d 1053 (Fla. 5th DCA 2004) (table); Corn v. State, 917 So.2d 204 (Fla. 5th DCA 2005) (table), rev. dism. 917 So.2d 204. Corn then filed a petition with this court claiming ineffective assistance of appellate counsel, which we denied on November 17, 2005 (Case No. 5D05-3816).
The current petition for writ of ha-beas corpus is simply another attempt to collaterally attack Corn’s underlying conviction. As such, it was properly denied. See Baker v. State, 878 So.2d 1236 (Fla. 2004).
Additionally, upon reviewing this matter, we issued a Spencer[1] order directing Corn to show cause “why he should not be denied further pro se access to the Court for any proceeding to further attack the conviction and sentence rendered below in Volusia County, Seventh Judicial Circuit Court Case Number 2003-01177-CFAWS.” Appellant responded by rear-guing the merits of his petition.
At this point, Corn is abusing the judicial process by his successive attacks upon his conviction and sentence. In order to conserve judicial resources, we prohibit Steven Corn from filing with this Court any further pro se pleadings concerning Volusia County, Seventh Judicial Circuit Court Case No. 2003-01177-CFAWS. The Clerk of this Court is directed not to accept any further pro se filings concerning this case. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (“Enough is enough.”) The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
MONACO, TORPY, and LAWSON, JJ., concur.

. State v. Spencer, 751 So.2d 47 (Fla.1999).