931 So.2d 204 (2006)
Robert E. PETTIS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D06-1636.
District Court of Appeal of Florida, Fifth District.
June 9, 2006.
Robert E. Pettis, Perry, pro se.
No Appearance for Appellee.
LAWSON, J.
Robert E. Pettis, ("Pettis"), appeals the trial court's summary denial of his rule 3.800(a) motion. We affirm and write only to recommend that the Department of Corrections institute disciplinary proceedings against Pettis pursuant to section 944.279(1), Florida Statutes, for his pursuit of this clearly frivolous claim on appeal.
Nearly fifteen years ago, on December 6, 1991, Pettis pled no contest to two counts of attempted sexual battery and to two counts of committing a lewd act upon a child. For these offenses, he received an aggregate probationary split sentence of twelve years in prison followed by fifteen years of probation. His direct appeal to this court resulted in a per curiam affirmance. Pettis v. State, 605 So.2d 89 (Fla. 5th DCA 1992) (table).
Subsequently, Pettis was released to probation, but violated his probation, and *205 was resentenced to fifteen years in prison. His appeal of the resentencing resulted in a per curiam affirmance. Pettis v. State, 796 So.2d 1189 (Fla. 5th DCA 2001) (table).
Pettis recently filed in the trial court a petition for writ of habeas corpus alleging that there was a scrivener's error in the date charged in the information. The trial court's denial of his petition was affirmed by this court per curiam in Pettis v. State, 918 So.2d 967 (Fla. 5th DCA 2005). Pettis' previous motion to clarify sentence also alleged the same scrivener's error, but he did not appeal the trial court's denial of that motion.
In the instant motion, Pettis for the third time alleges that there is a scrivener's error in the date charged in the information. Specifically, he complains that while the information states that his offenses took place on November 1, 1989, the sworn statement and the police report indicates that his offenses occurred sometime between June 1989 and June 1990. According to him, it is "impossible to determine from the police report" if his offenses occurred before or after October 1, 1989. Thus, in his view, it is "quite clear" that the November 1, 1989 offense date stated in the information is "in error."
Pettis' continued pursuit of this issue is clearly frivolous. For one thing, his claim is procedurally barred, since, as indicated, Pettis previously raised this claim in the trial court on two prior occasions and this court upheld the trial court's ruling against him on the same claim on one of the occasions. See generally State v. McBride, 848 So.2d 287 (Fla.2003). For another, as the trial court points out in its order, Pettis waived any alleged defect in the information by pleading no contest to the charges. See Yates v. State, 509 So.2d 1249 (Fla. 5th DCA 1987). Since he pled no contest to the charges, he effectively admitted to the date set forth in the information.
Therefore, we affirm and direct the Clerk to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; certified opinion FORWARDED to Department of Corrections.
SHARP, W., and GRIFFIN, JJ., concur.