931 So.2d 209 (2006)
Napoleon BRITT, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4180.
District Court of Appeal of Florida, Fifth District.
June 9, 2006.
*210 Napoleon Britt, Mayo, pro se.
No Appearance for Appellee.
PALMER, J.
Napoleon Britt appeals the order entered by the trial court denying his latest rule 3.800(a) motion to correct illegal sentence.[1] We affirm.
In 1975, a Brevard County jury convicted Britt of committing the crimes of robbery and assault with intent to commit second-degree murder. He was sentenced to a term of life imprisonment. At that time, the Fourth District possessed appellate jurisdiction over Brevard County, and Britt's direct appeal to that court resulted in an affirmance. See Britt v. State, 350 So.2d 25 (Fla. 4th DCA 1977).
Since that time, Britt has filed several rule 3.800(a) motions. As in the past, he again asserts the meritless argument that he received an improper general sentence.
Britt's pro se filings have become frivolous, an abuse of process, and a waste of the taxpayers' money. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995). See also Glasco v. State, 914 So.2d 512, 512 (Fla. 5th DCA 2005) (recognizing that frivolous collateral appeals clog the courts and hurt meritorious appeals by inviting sweeping rulings and by engendering judicial impatience); Freeman v. State, 885 So.2d 477, 478 (Fla. 5th DCA 2004) (noting the need for a limit on successiveness necessary to give due weight to finality and presumption of legality of final judgment and to restore public's confidence in our criminal system of justice).
Accordingly, in order to conserve judicial resources, we prohibit Britt from filing with this court any further pro se pleadings concerning Brevard County, Circuit Court No. 05-1974-CF-1096-AXXX. The Clerk of this Court is directed not to accept any further pro se filings concerning this case from Napoleon a/k/a Napolean Britt. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Wilson v. State, 916 So.2d 975 (Fla. 5th DCA 2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED. Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
SAWAYA and LAWSON, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800.