LAWSON, J.
Joseph Weidmann entered into negotiated pleas to his crimes committed during his Brevard County crime spree. Given the circumstances of his serious crimes, his plea bargain appears to have been quite favorable. Weidmann was convicted and sentenced to concurrent terms, the longest of which was a ten-year sentence, on nine counts in six cases: three counts of robbery with a firearm; armed burglary; grand theft motor vehicle; grand theft; false imprisonment; and two counts of theft from an employer’s establishment. His convictions and sentences were affirmed on appeal. Weidmann v. State, 810 So.2d 957 (Fla. 5th DCA 2002) (table).
Weidmann then embarked upon his manifold attempts to collaterally attack his judgments and sentences. Of note is his second rule 3.850 motion. In this motion, he asserted that his minimum mandatory sentence for use of a firearm in one case was illegal because he was not in actual possession of a firearm during the commission of the offense. Weidmann ignored *608 the fact that he did not go to trial but instead entered pleas and that the State provided a factual basis for his crimes at the plea hearing. The trial court denied relief, and Weidmann appealed. This court considered this claim on the merits and per curiam affirmed. Weidmann v. State, 902 So.2d 819 (Fla. 5th DCA 2005) (table).
He filed a third rule 3.850 motion for post-conviction relief asserting several grounds, including the same claim he had made in his second rule 3.850 motion. The trial court found his claim to be successive. Weidmann appealed, and this court again per curiam affirmed. Weidmann v. State, 908 So.2d 1082 (Fla. 5th DCA 2005) (table).
He raised the claim for a third time in a rule 3.800(a) motion to correct illegal sentence. When the trial court denied this motion, it pointed out that Weidmann’s claim was successive and procedurally barred. The trial court further warned him that, if he filed another frivolous pleading, he would be barred from future pro se filings. Undeterred, Weidmann appealed, and this court agreed with the trial court and ordered a response pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). Weidmann responds that he whole-heart-edly believes that his claim has merit and was never ruled upon. This is untrue. His claim was considered and rejected on the merits. See Weidmann, 902 So.2d at 819; see also Elliott v. Elliott, 648 So.2d 137, 138 (Fla. 4th DCA 1994).
We conclude that the present motion is frivolous and an abuse of process. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (“Enough is enough.”); see also Glasco v. State, 914 So.2d 512, 512 (Fla. 5th DCA 2005) (recognizing frivolous collateral appeals clog the courts and hurt meritorious appeals by inviting sweeping rulings and by engendering judicial impatience with all defendants); Henderson v. State, 903 So.2d 999, 1000 (Fla. 5th DCA 2005) (noting “this court is not going to listen to this argument any longer,” in reference to same claim argued by defendant over more than two decades); Freeman v. State, 885 So.2d 477, 478 (Fla. 5th DCA 2004) (recognizing that it is necessary to limit successive claims to give due weight to the finality and presumption of legality of a final judgment and to restore the public’s confidence in our criminal system of justice).
Accordingly, in order to conserve judicial resources, we prohibit Weidmann from filing with this Court any further pro se pleadings concerning Brevard County, Eighteenth Judicial Circuit Court Case Number 05-2000-CF-042942-C. The Clerk of this Court is directed not to accept any further pro se filings concerning this case from Joseph C. Weidmann. Any more pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
THOMPSON and MONACO, JJ., concur.