PER CURIAM.
Appellant L.C. Snead was convicted of three counts of capital sexual battery. His victims were two young sisters. One of the sisters testified that Snead had penile and digital intercourse with her. The other sister testified that he made her have sex with him from December 1985 through December 1986. Snead was sentenced to three concurrent terms of life imprisonment with a minimum mandatory term of 25 years. Because Snead appeared to be abusing the legal process through his multiple post-conviction appellate filings, this court issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999). He did not timely respond to this court’s order as to why he should not be barred from further pro se filings in this court.
We hold that Snead is barred from further pro se filings in this court on the basis that his present motion constitutes an abuse of process. It is exceedingly untimely and raises an issue he could have raised many years before. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (“Enough is enough.”); see also Glasco v. State, 914 So.2d 512, 512 (Fla. 5th DCA 2005) (recognizing frivolous collateral appeals clog the courts and hurt meritorious appeals by inviting sweeping rulings and by engendering judicial impatience with all defendants); Britt v. State, 931 So.2d 209, 210 (Fla. 5th DCA 2006) (finding that defendant’s pro se filings had become frivolous, an abuse of process, and a waste of the taxpayers’ money).
Accordingly, in order to conserve judicial resources, we prohibit Snead from filing with this Court any further pro se pleadings concerning Orange County, Ninth Judicial Circuit Court case number 48-1987-CF-1580. The Clerk of this Court is directed not to accept any further pro se filings concerning this case from L.C. Snead and any more pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of *1256 disciplinary procedures. See § 944.279(1), Fla. Stat.; Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
MONACO, TORPY and EVANDER, JJ., concur.