PER CURIAM.
In this case, this court issued a show cause order stating: “Maurice Holloman has filed numerous pro se pleadings and appealed many unsuccessful post-conviction motions in his two intertwined cases. He has already been barred from further frivolous pro se pleadings in the trial court.” This court then ordered Holloman to show cause why he should not also be barred from filing further pro se pleadings in this court.
Holloman responded by filing several documents, including a response, an amended response, an amended brief, a Motion To Take Judicial Notice, a Notice of Filing, and two Notices of Supplemental Authority. This scattergun approach of filing as many different pleadings as possible, in as much volume as possible, in as many courts as possible, is typical of the entire procedural history of Holloman’s ten-year-old case and we conclude that it is time for these filings to stop.
First, Holloman argues that, because Count 4 of his final judgment was clerically amended, he is entitled to attack his convictions. This argument is meritless. A review of the record ably demonstrates that Holloman has fully litigated his case.
Second, Holloman asserts that the trial court did not bar him from filing further pro se pleadings “based on what this court has found, rather, it was the state that suggested in its Response that Appellant should be barred.” We conclude that whatever reasons were discussed in the trial court, that has nothing to do with the fact that Holloman has tried this court’s patience to its limits.
*1154 Accordingly, in order to conserve judicial resources, we prohibit Holloman from filing with this Court any further pro se pleadings concerning Orange County, Ninth Judicial Circuit Court Case No. 1996-CF-2527. The Clerk of this court is directed not to accept any further pro se filings concerning this case from Maurice E. Holloman, and any more pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; Future Pro Se Filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
PLEUS, C.J., PALMER, and ORFINGER, JJ., concur.