ON ORDER TO SHOW CAUSE

PER CURIAM.
On July 12, 2006, in conjunction with our per curiam affirmance of Appellant Beau-ford White’s[1] twelfth pro se motion for post conviction relief,[2] we ordered him to show cause why he should not be prohibited from filing further pro se proceedings with this court concerning his October 26, 1991 conviction and sentence for burglary of an unoccupied dwelling and grand theft in trial court case number F91-38136. See Johnson v. State, 915 So.2d 682 (Fla. 3d DCA 2005). Defendant stipulates that he will not file any further pro se pleadings regarding case number F91-38136. Upon this stipulation, we now prohibit him from filing any additional pro se appeals, pleadings, motions, or petitions relating to this conviction and sentence.
We also ordered defendant to show cause why we should not sanction him pursuant to section 944.28(2)(a), Fla. Stat. (2005) and section 944.279, Fla. Stat. (2005). Defendant avers that he is one year removed from release and was unaware of the frivolous nature of his filings. While we believe that a sanction in this case would be permissible, see Pettis v. State, 931 So.2d 204 (Fla. 5th DCA 2006), we choose, in our discretion, not to employ this measure here where defendant avers that he will cease his vexatious practice.
For the foregoing reasons, we order that henceforth any pleadings or papers filed in this court relating to case number F91-38136 must be reviewed and signed by an attorney licensed to practice law in this state, and the Clerk of the Third District Court of Appeal is directed not to accept any further pro se pleadings from defendant relating to said case.
So ordered.

. Defendant also uses the monikers "Beau-ford Hawkins”, "Beulford Hawkins", and "Beulford White”.

. See White v. State, 860 So.2d 431 (Fla. 3d DCA 2003)(table); White v. Moore, 827 So.2d 382, 383 (Fla. 3d DCA 2002); White v. State, 783 So.2d 267, 2001 WL 335882 (Fla. 3d DCA Feb. 21, 2001)(table); White v. Moore, 751 So.2d 587 (Fla. 3d DCA 2000)(table); White v. State, 743 So.2d 525 (Fla. 3d DCA 1999)(table); White v. State, 693 So.2d 987 (Fla. 3d DCA 1997)(table); White v. State, 678 So.2d 1297 (Fla. 3d DCA 1996)(table); White v. Sin-gletary, 668 So.2d 621 (Fla. 3d DCA 1996)(table); White v. State, 657 So.2d 1177 (Fla. 3d DCA 1995)(table); White v. Singletary, 642 So.2d 1377 (Fla. 3d DCA 1994)(table); White v. State, 638 So.2d 955 (Fla. 3d DCA 1994)(ta-ble). Defendant also filed an appeal in case number 98-2625, but voluntarily dismissed the appeal prior to our ruling. White v. State, 727 So.2d 937 (Fla. 3d DCA 1998). Along the way, defendant also filed a petition for habeas relief directly to the Florida Supreme Court, White v. State, 675 So.2d 123 (Fla.1996), and two federal habeas petitions.