PER CURIAM.
Gregory A. Cothron, the appellant, was convicted of sexual battery and burglary of a dwelling with a battery in 1990. When he sought review of a denial of his petition for writ of habeas corpus by the trial court, we issued a Spencer[1] order, requiring him to show cause why he should not be denied further pro se access to this Court for any proceeding further attacking the convictions and sentences associated with the subject conviction. We pointed out in our earlier order that his appeal is totally without merit, and constitutes only the most recent of his twenty-six attacks on his judgment and sentence. Mr. Coth-ron’s response to the show cause order shows no reason why the sanction threatened should not be imposed.
Mr. Cothron has seriously abused the trial and appellate processes of both the state and federal judicial systems, and has wasted the finite resources of the courts in his meritless and repetitive assaults on his judgment and sentence. After twenty-six proceedings covering sixteen years, it is clear that this matter must now be laid to rest.
Accordingly:
(1) The order of the trial court denying his petition for writ of habeas corpus is affirmed.
(2) Mr. Cothron is barred from further pro se filings in this Court involving his 1990 case because his pleadings have become an abuse of process. See Criminal Appeal Reform Act of 1996, 924.051, Fla. Stat. (2006) (acknowledging limitations on collateral review to be strictly enforced); Glasco v. State, 914 So.2d 512 (Fla. 5th DCA 2005) (recognizing frivolous collateral appeals clog the courts and hurt meritorious appeals by inviting sweeping rulings and by engendering judicial impatience with all defendants); Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) (“Enough is enough”).
(3) The Clerk of this Court is directed not to accept any further pro se filings concerning this case from Gregory A. Cothron, and any more pleadings or filings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar.
(4) The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See 944.279(1), Fla. Stat. (2006); see, e.g., Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED.
PLEUS, C.J., SAWAYA, and MONACO, JJ., concur.

. See State v. Spencer, 751 So.2d 47 (Fla. 1999).