972 So.2d 916 (2007)
Kenneth L. GRIMSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2125.
District Court of Appeal of Florida, Fifth District.
November 30, 2007.
Rehearing Denied January 8, 2008.
*917 Kenneth L. Grimsley, Lowell, pro se.
Bill McCollum, Attorney General, Tallahassee, and Bonnie Jean Parrish, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Kenneth L. Grimsley appeals the denial of his fifth rule 3.800(a) motion to correct illegal sentence.[1] In this successive motion, Grimsley once again argues that his forty-year habitual violent felony offender ("HVFO") sentence on the charge of robbery with a firearm is illegal because it exceeds the thirty-seven-year HVFO sentence that he agreed to at the time of his plea. Even if this claim were cognizable under rule 3.800(a), the record clearly shows that Grimsley entered an open plea to the bench, aware that he faced up to a life sentence on this charge. Therefore, the trial court once again properly denied Grimsley's claim, citing to portions of the plea transcript that refute it.[2]
After reviewing Grimsley's latest successive claim, this court issued a Spencer[3] show cause order directing Grimsley to demonstrate "why he should not be denied further pro se access to the. Court for any proceeding to further attack the conviction and sentence rendered below in Marion County Circuit Court case no. 96-1003-A-Z." We have carefully reviewed Grimsley's response and find that it too lacks merit.
At this point, Grimsley is abusing the judicial process by his successive attacks upon his conviction and sentence. In order to conserve judicial resources, we prohibit Kenneth L. Grimsley from filing with this Court any further pro se pleadings concerning Marion County Circuit Court case no. 96-1003-A-Z. The Clerk of this Court is directed not to accept any further pro se filings concerning this case. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough.") The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures See § 944.279(1), Fla. Stat. (2005); Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
THOMPSON, ORFINGER, and LAWSON, JJ., concur.
NOTES
[1] See Fla. R.Crim. P. 3.800. Grimsley has also previously filed in this court two petitions for belated appeal, one appeal from the denial of his motion pursuant to Florida Rule of Criminal Procedure 3.850, two original petitions for writ of habeas corpus, and three appeals from the denial of petitions for writ of habeas corpus filed at the trial court level.
[2] Although the transcript makes reference to a thirty-seven year plea offer, it is clear that this offer had been rejected prior to the plea proceeding, and that Grimsley knowingly and voluntarily entered an open plea to the bench, with no agreed disposition.
[3] State v. Spencer, 751 So.2d 47 (Fla.1999).