976 So.2d 48 (2008)
John Edward NAILS, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-2325.
District Court of Appeal of Florida, Fifth District.
February 1, 2008.
Rehearing Denied March 12, 2008.
*49 John Edward Nails, Mayo, pro se.
No Appearance for Appellee.
PER CURIAM.
In his two separate Lake County trials for his 1991 crimes, defendant John Edward Nails was twice convicted of robbery with a firearm. At each trial, he received a life sentence and was pronounced a habitual felony offender. Nails' two direct appeals were affirmed. Nails v. State, 635 So.2d 31 (Fla. 5th DCA 1994); Nails v. State, 663 So.2d 641 (Fla. 5th DCA 1995). He has since litigated both cases  especially his habitualizations  numerous times in postconviction filings.[1]
Once again, Nails is attacking his habitual felony offender status. While this current rule 3.800(a) appeal raises a new and different argument against habitualization, it is nonsensical and totally without merit. Therefore, this court issued a Spencer show cause order directing Nails to demonstrate "why he should not be denied further pro se access to this Court for any proceeding to further attack the convictions and sentences rendered below in Lake County Fifth Judicial Circuit Court case nos. 1992-CF-60 and 1993-CF-30. See State v. Spencer, 751 So.2d 47 (Fla. 1999)."
Nails declined to respond, which is uncharacteristic of him because lately he has definitely been "filing documents faster than this court can dispose of them." Rooney v. State, 699 So.2d 1027, 1028 (Fla. 5th DCA 1997). We have come to the point where Nails is abusing the judicial process by his successive attacks upon his convictions and his habitualized sentences. See, e.g., United States v. Robinson, 251 F.3d 594, 596 (7th Cir.2001) (finding that incessant filings of frivolous motions impose costs both in time and paperwork, burdening court's staff and delaying disposition of meritorious pleadings); Baker v. State, 878 So.2d 1236, 1243 (Fla.2004) (explaining that a limit on successive claims is necessary to give due weight to the finality and the presumption of legality of a final judgment, and to restore the public's confidence in our criminal justice system); Britt v. State, 931 So.2d 209, 210 (Fla. 5th DCA 2006) (ruling defendant's pro se filings were frivolous, an abuse of process, and a waste of the taxpayers' money).
Therefore, in order to conserve our strained postconviction judicial resources, *50 and in accordance with the Criminal Appeal Reform Act of 1996, we prohibit John Edward Nails from filing with this court any further pro se pleadings concerning Lake County Fifth Judicial Circuit Court case numbers 1992-CF-60 and 1993-CF-30. The Clerk of this court is directed not to accept any further pro se filings concerning this case. Any further pleadings regarding this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995) ("Enough is enough."). The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See § 944.279(1), Fla. Stat. (2007); Grimsley v. State, 972 So.2d 916 (Fla. 5th DCA 2007).
AFFIRMED; future pro se filings PROHIBITED; certified opinion FORWARDED to Department of Corrections.
SAWAYA, LAWSON, and EVANDER, JJ., concur.
NOTES
[1] Both times that Nails filed rule 3.850 motions in his two cases, the trial court appointed him counsel and granted evidentiary hearings. All of his claims were eventually denied and affirmed in a single opinion. Nails v. State, 704 So.2d 539 (Fla. 5th DCA 1997). His prior postconviction attacks include, in chronological order, Nails v. Swigert, No. 5D95-2524 (Fla. 5th DCA Dec. 21, 1995); Nails v. Swigert, No. 5D96-911 (Fla. 5th DCA May 24, 1996); Nails v. Moore, 531 U.S. 1198, 121 S.Ct. 1205, 149 L.Ed.2d 119 (2001); Nails v. Moore, 531 U.S. 1199, 121 S.Ct. 1205, 149 L.Ed.2d 119 (2001); Nails v. State, 785 So.2d 499 (Fla. 5th DCA 2001); Nails v. State, 806 So.2d 500 (Fla. 5th DCA 2001); Nails v. State, 806 So.2d 500 (Fla. 5th DCA 2002); Nails v. State, No. 5D05-4347 (Fla. 5th DCA Jan. 18, 2006); Nails v. State, 954 So.2d 1174 (Fla. 5th DCA 2007); Nails v. State, 959 So.2d 743 (Fla. 5th DCA 2007); and Nails v. State, No. 5D07-2497 (Fla. 5th DCA Dec. 14, 2007).