ON ORDER TO SHOW CAUSE

PER CURIAM.
In his 2000 case, Appellant, James Earl Brown [“Brown”], entered into a negotiated plea to a single, lesser charge of attempted sexual battery. In this case, he appealed the denial of his seventh Rule 3.800(a) motion. This Court per curiam affirmed and issued a show cause order as required by State v. Spencer, 751 So.2d 47 (Fla.1999), giving Brown an opportunity to explain why he should not be sanctioned for abusing the judicial process.
Having carefully considered Brown’s response, we conclude that he has provided no valid reason for filing this frivolous appeal, that he is abusing the judicial process, and that he should be barred from further pro se filings. See In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989); see, e.g., Britt v. State, 931 So.2d 209, 210 (Fla. 5th DCA 2006) (defendant’s “pro se filings have become frivolous, an abuse of process, and a waste of the taxpayers’ money”); Henderson v. State, 903 So.2d 999, 1000 (Fla. 5th DCA 2005) (no matter how repetitious or frivolous a filing is, it requires some portion of the court’s limited resources; it is the court’s responsibility to see that these resources are allocated in a way that promotes the interests of justice); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995) (“Enough is enough.”); see also Bauer v. State, 31 So.3d 220, 220 (Fla. 4th DCA 2010) (“It continues to concern us that [rule] 3.800 permits a prisoner to file a motion to correct an illegal sentence at any time, and there is no limit on the number of such motions which can be filed.... This has led to the proliferation of successive filings by prisoners and a substantial and costly increase in workload for both trial and appellate courts.”)
Therefore, the Clerk of this Court is directed not to accept any further pro se filings from Brown concerning the 2000 judgment and sentence case. Any additional pleadings or motions in this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing with The Florida Bar. See Johnson v. State, 652 So.2d 980, 980 (Fla. 5th DCA *1257 1995) (prohibiting petitioner from filing further pro se pleadings after thirteen challenges to conviction and sentence). The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures. See Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005); § 944.279(1), Fla. Stat. (2010).
Future pro se filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
GRIFFIN, SAWAYA, and EVANDER, JJ., concur.