VILLANTI, Judge.
James Whittey appeals the summary denial of his latest motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In this motion, he repeated the argument raised in his prior motions that his sentence is illegal because the crime for which he was convicted is not a qualifying offense for prison releasee reoffender sentencing. The postconviction court has addressed these allegations on their merits on more than one occasion, and this court has repeatedly affirmed the denial of Whittey’s motions. See Whittey v. State, No. 2D12-1620, 2012 WL 5974191 (Fla. 2d DCA Nov.30, 2012) (table); Whittey v. State, 61 So.3d 1128 (Fla. 2d DCA 2011) (table); Whittey v. State, 25 So.3d 1241 (Fla. 2d DCA 2009) (table). Further, this latest motion was filed before the mandate issued in Whittey’s most recent appeal. Such successive and consecutive filings not only burden the court system but potentially harm other defendants as well. See Henderson v. State, 903 So.2d 999, 1000 (Fla. 5th DCA 2005) (noting that frivolous criminal appeals clog the courts and hurt meritorious criminal appeals).
In denying Whittey’s latest motion, the postconviction court warned that further successive filings could result in sanctions. We again reiterate this warning and stress that future frivolous appeals will be viewed unfavorably by this court and may result in Whittey’s referral to the Department of Corrections for discipline. See § 944.279, Fla. Stat. (2013).
Affirmed.
NORTHCUTT and SLEET, JJ., Concur.