PER CURIAM.
Following a jury trial, William Houston King was adjudicated guilty of violating the Florida Racketeer Influenced and Corrupt Organization ("RICO") Act, conspiracy to violate the Florida RICO Act, and organized fraud in Marion County Circuit Court Case Number 2009-CF-002251. King was sentenced to twelve years and six months' imprisonment, followed by fifteen years of probation. King appealed his judgment and sentence, and this Court per curiam affirmed. King v. State, 177 So.3d 624 (Fla. 5th DCA 2015).
King subsequently filed eight separate appeals attacking the denials of his Florida Rule of Criminal Procedure 3.850 motions for postconviction relief. King voluntarily dismissed two of his postconviction appeals, and this Court per curiam affirmed the remaining appeals. See King v. State, 177 So.3d 624 (Fla. 5th DCA 2015) ; King v. State, 222 So.3d 1230 (Fla. 5th DCA 2017) ; King v. State, 229 So.3d 1248 (Fla. 5th DCA 2017) ; King v. State, 233 So.3d 1142 (Fla. 5th DCA 2017) ; King v. State, 252 So.3d 1273 (Fla. 5th DCA 2018) ; King v. State, No. 5D18-2905, 2019 WL 993355 (Fla. 5th DCA Feb. 26, 2019).
Due to King's apparent abuse of the legal process by his repeated frivolous filings attacking his judgment and sentence rendered in the above referenced case, this Court issued an order directing King to show cause why he should not be prohibited from future pro se filings. See State v. Spencer, 751 So.2d 47, 48 (Fla. 1999). Having carefully considered King's response and finding that it fails to show cause as to why sanctions should not be imposed, we *1293 conclude that he is abusing the judicial process and should be barred from further pro se filings.
Therefore, in order to conserve judicial resources, King is prohibited from filing with this Court any further pro se filings concerning the above referenced case. The Clerk of this Court is directed not to accept any further pro se filings concerning the referenced case. Any future filings regarding the referenced case will be summarily rejected by the Clerk, unless filed by a member in good standing of The Florida Bar. See Isley v. State, 652 So.2d 409, 411 (Fla. 5th DCA 1995) ("Enough is enough."). The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary proceedings. See § 944.279(1), Fla. Stat. (2018) ; Simpkins v. State, 909 So.2d 427, 428 (Fla. 5th DCA 2005).
Future pro se filings PROHIBITED.
COHEN, BERGER and HARRIS, JJ., concur.