IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

SHAWN MCDUFFIE,

       Petitioner,

 v.

                                             Case No.  5D22-776
                                             LT Case Nos. 2006-CF-017252
                                                        2006-CF-017253
                                                        2006-CF-017254
                                                        2006-AP-35157

STATE OF FLORIDA,

       Respondent.

_____/

Opinion filed July 15, 2022

Petition for Writ of Habeas Corpus,
A Case of Original Jurisdiction.

Shawn McDuffie, Daytona Beach,
pro se.

No Appearance for Respondent.


PER CURIAM.

      Due to Petitioner's apparent abuse of the legal process by his abusive,

repetitive, malicious, or frivolous pro se filings attacking his judgments and

sentences in Brevard County Circuit Court Case Numbers 2006-CF-017252,

2006-CF-017253, 2006-CF-017254, and 2006-AP-35157, this Court issued an order directing Petitioner to show cause why he should not be prohibited from future pro se filings. *See State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999). Having carefully considered the response and finding it fails to show cause why sanctions should not be imposed, we conclude that Petitioner is abusing the judicial process and should be barred from further pro se filings.

In order to conserve judicial resources, Petitioner is prohibited from filing with this Court any further pro se filings concerning Brevard County Circuit Court Case Numbers 2006-CF-017252, 2006-CF-017253, 2006-CF-017254, and 2006-AP-35157. The Clerk of this Court is directed not to accept any further pro se filings concerning the referenced cases. The Clerk will summarily reject any future filings regarding the referenced cases unless filed by a member in good standing of The Florida Bar. *See Isley v. State*, 652 So. 2d 409, 411 (Fla. 5th DCA 1995) ("Enough is enough."). The Clerk is further directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary proceedings. *See* § 944.279(1), Fla. Stat. (2020); *Simpkins v. State*, 909 So. 2d 427, 428 (Fla. 5th DCA 2005).

SANCTIONS IMPOSED.

LAMBERT, C.J., EDWARDS and TRAVER, JJ., concur.

2