648 So.2d 137 (1994)
James Norman ELLIOTT, Jr., Appellant,
v.
Jane L. ELLIOTT, Appellee.
No. 93-0147.
District Court of Appeal of Florida, Fourth District.
November 30, 1994.
*138 Michael David McDonough, West Palm Beach, for appellant.
Jane L. Elliott, pro se.
John L. Avery, Jr. of Law Offices of John L. Avery, Jr., Jupiter, for appellee (withdrawn as counsel after filing brief).

ON RESPONSE TO ORDER TO SHOW CAUSE
MAGER, GERALD, Senior Judge.
In this court's opinion on motion for rehearing, we ordered Appellant's counsel to show cause within twenty (20) days of the date of the entry of that opinion, why monetary and other sanctions should not be imposed for conduct determined to be a flagrant violation of Florida Rule of Appellate Procedure 9.330(a). Appellant's counsel mailed his response on the twentieth day, indicating that he intended no disrespect to this court, the lower court, or opposing counsel, and expressed his apologies. Had counsel simply ended there (leaving well enough alone), the matter would have been adequately addressed and put to rest. Instead, Appellant's counsel proceeded to explain what prompted his argumentative and overzealous motion for rehearing, namely, the fact that the court's opinion "was a simple per curiam affirmance of the trial court's Final Judgment, and the undersigned attorney found it impossible to discern the Court's reasoning."
This is a most disturbing revelation from any practitioner, let alone one who has practiced for fifteen (15) years and who admittedly has filed numerous appeals during that period of time. The notion that an appellate practitioner would view a per curiam disposition, without opinion, as lacking in a meaningful review is absolutely astounding. (E.g., "the undersigned attorney was extremely surprised at this Court's per curiam affirmance and presumed that his argument had been overlooked by this Court.") It was not until appellate counsel read a concurring opinion by another member of this panel on motion for rehearing, that he felt that the court had properly addressed issues originally raised in his appeal. Appellant's counsel seemingly tells this court, in effect, that had this court accompanied the per curiam affirmance with a written opinion it would have been clearer to him that the court had not overlooked the case authorities cited by him.
Perhaps appellate counsel should not be faulted for this misconceived view of a per curiam affirmance, without opinion. Perhaps the fault lies with the law school curriculum, the continuing legal education programs offered by the Florida Bar, or by the appellate courts themselves, in not engendering a sense of confidence that the absence of a written opinion is not akin to a superficial treatment, and in leaving the bar with the unfounded notion that the court "did not read the briefs." It is fundamental black letter law that a per curiam disposition affirming a trial court order without a written opinion, occurs when the points of law raised are so well settled that a further writing would serve no useful purpose. The sheer volume of appeals, in and of itself, would seemingly indicate the impossibility of a written opinion on every affirmance. Perhaps the bar might feel better if per curiam affirmances contained "one-liners," to the effect that, "the court has carefully reviewed and considered the briefs and record in this appeal and finds no reversible error." It is doubtful whether this type of form over substance approach would fully address the problem and the *139 court's concern about the perception of per curiam affirmances, without opinion.
Perhaps the court needs simply to restate the fundamental proposition that each and every appeal receives the same degree of attention and that a per curiam affirmance without opinion is not an indication of any kind of lesser treatment. We wonder whether this categorical statement truly puts the issue to rest and restores some degree of confidence with the bar (and particularly with the losing party) that the review is no less thorough, whether the result is a per curiam affirmance with or without a written opinion.
As the late Judge Rawls pointed out in Taylor v. Knight, 234 So.2d 156 (Fla. 1st DCA 1970):
This Court and not the attorney for the losing party is charged with the responsibility of deciding which cases merit and warrant a full written opinion upon the basis of that opinion's contribution to the jurisprudence of this State and those cases of great public interest. This Court is not now denying and has not denied appellants herein any constitutional right and has not overlooked or failed to consider the jurisprudence of this State in ruling upon the merits of the appeal [by deciding a case without a written opinion].
Id. at 157.
Despite appellate counsel's inexplicable misperception of per curiam dispositions without opinion, the court nevertheless accepts counsel's explanatory apology and no sanctions will be imposed, this time. It is not the court's intention to discourage the good faith filing of motions for rehearing and it is hoped that this opinion will be instructive to new as well as seasoned counsel, who may find themselves in the appellate arena  and on the losing side.
HERSEY, J., and HARRY LEE ANSTEAD, Associate Judge, concur.