*330
ON MOTION FOR REHEARING

KLEIN, Judge.
After we affirmed this case without opinion, appellant filed a motion for rehearing arguing that this case deserved an opinion. Appellant argues that our affir-mance of his allegedly inadequate jury verdict for $200, reduced by 99% comparative negligence, creates conflict with decisions from other district courts of appeal.
Appellant’s sole argument is that the trial court erred in denying his motion for new trial on the grounds that the verdict was inadequate. We affirmed without opinion because there was evidence from which the jury could have found that the knee injury, which he claimed he sustained in this accident, did not result from this accident. An orthopedist testified that the knee problems about which appellant was complaining resulted from an injury he had sustained several years earlier, which required surgery, as well as from arthritic changes which had occurred after that surgery.
The defendant paid appellant’s medical expenses incurred after this accident. We concluded that the trial judge did not abuse its discretion in denying appellant’s motion for a new trial where the jury only awarded him $200 for loss of past income.
We recognize that appellants and their counsel often feel shortchanged when we affirm without writing an opinion. In cases so lacking in merit as this one, however, a written opinion would serve no useful purpose. An opinion would not explain anything to the appellant that would not already be apparent from the record in this case. Other cases in which we routinely affirm without opinion are (1) those in which appellant is unable to establish error because of the lack of a transcript of a trial, (2) those in which the appellant has failed to preserve the error by making an objection in the trial court, and (3) those in which litigants (often pro se) are unable to identify any specific error made by the trial court but are simply unhappy with the result. Those who would advocate requiring appellate courts to write opinions in all cases would be surprised at how many cases fall in the above categories.
We doubt that the brief opinion we have now written in this case will give the appellant much more satisfaction than our original affirmance without opinion. It will, however, unnecessarily enlarge the Southern Reporter and “further burden attorneys with their research.” Whipple v. State, 431 So.2d 1011, 1016 (Fla. 2d DCA 1983). Additional good reasons for not requiring opinions in every ease are set out in Whipple at 1016,1017.
The motion for rehearing is denied.
DELL and FARMER, JJ., concur.