PER CURIAM.
Appellant, Jared Fox, previously appealed an order revoking his probation. See Fox v. State, 876 So.2d 717 (Fla. 4th DCA 2004). This court reversed the revocation, finding that two of the three grounds alleged failed for insufficient evidence. We remanded appellant’s case to the trial court to consider whether to revoke his probation for the remaining violation.
The trial court held.a hearing at which appellant was not present. It reconsidered its decision and affirmed its original sentence. Appellant filed a Motion to Correct Sentencing Error arguing that he had the right to be present at his sentencing hearing. The trial court denied the motion holding that it considered what was required of it and affirmed the sentence. We reverse.
A revocation of probation is a judgment. See Fla.R.Crim.P. 3.670. Appellant was then to be re-sentenced. Florida Rule of Criminal Procedure 3.180(a)(9) provides that a defendant shall be present “at the *702 pronouncement of judgment and the imposition of sentence.” Because appellant was absent at this critical stage of the proceedings, we reverse and remand for a re-sentencing hearing at which appellant is present.

Reversed and Remanded.

STEVENSON, C.J., WARNER and HAZOURI, JJ., concur.