DAVIS, Judge.
 

 Alexander Baez challenges the postcon-viction court’s order summarily denying his Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. We reverse.
 

 In February 1996, Baez entered open guilty pleas in several cases to four counts of robbery with a firearm and one count each of burglary, grand theft auto, and grand theft (“the first set of cases”). The trial court sentenced him to concurrent terms of fifteen years’ prison followed by five years’ probation on the robbery charges, fifteen years on the burglary charge, and five years on each of the grand theft charges. The trial court also imposed a three-year minimum mandatory on one of the robbery counts.
 

 At that same time, Baez also was charged in three separate cases with three counts of burglary of a dwelling (“the sec
 
 *706
 
 ond set of cases”). He moved to suppress his statements in those cases, and the trial court granted his motion. The State appealed, and this court reversed the trial court’s order granting the motion to suppress and remanded for further proceedings.
 
 See State v. Baez,
 
 704 So.2d 693 (Fla. 2d DCA 1997). In June 1998, on remand, Baez entered negotiated pleas to the second set of cases and was sentenced to three seven-year terms to be served concurrently with each other and with the sentences in the first set of cases.
 

 Subsequently, in a rule 3.800(a) motion, Baez brought a successful Heggs
 
 [1]
 
 challenge in the first set of cases, and the postconviction court resentenced him on those cases, reducing his fifteen-year terms to thirteen-year terms. However, at that time, the postconviction court also erroneously increased his seven-year negotiated sentences in the second set of cases to thirteen-year terms. Baez raised that error in a second rule 3.800(a) motion, which the postconviction court denied. This court, however, reversed that denial and “remanded for imposition of the sentences originally imposed” in the second set of cases.
 
 Baez v. State,
 
 879 So.2d 22, 22 (Fla. 2d DCA 2004).
 

 Baez then filed a third “motion to correct illegal sentence.” By this motion, Baez alleged that the court imposed an illegal sentence when, after correctly finding a
 
 Heggs
 
 violation in conjunction with the first set of cases, it resentenced him on those cases. Baez maintains that when resentencing on those cases, the court used a newly-prepared 1994 scoresheet, which included additional offense points for the second set of cases. Baez argues that those cases should not have been included in the scoresheet calculation because they were not pending before the court at the original February 1996 sentencing on the first set of cases. Baez further argues that by including the second set of cases as additional offenses on the newly-prepared 1994 scoresheet, the State added 25.2 points to his scoresheet total and changed the high end of his sentencing range from 135.12 months (11.26 years) to 166.625 months (13.89 years). He maintains that because the high end should have been 11.26 years, the thirteen-year sentences that were imposed upon resentencing on the first set of cases are illegal.
 
 [2]
 

 In summarily denying this claim, the postconviction court concluded as follows:
 

 Each of the cases, even the cases to which the Defendant pled, were pending before the Court during the December 2000 resentencing, during which the Court specifically stated: “[A]ll of the cases are now before the Court for re-sentencing, I think one guideline sheet is the appropriate way and the required way to score.”
 

 The postconviction court also attached to its order a portion of the transcript of the 2000 resentencing in which the sentencing court stated:
 

 I think that all the cases, had it not been for the appeal [of the order granting the motion to suppress], would have been dealt with at one time, and sentencing on that first batch of cases would have been deferred until the second batch had concluded either by trial or a plea.
 

 We do not agree.
 

 Florida Rule of Criminal Procedure 3.702(d)(1) provides that “[a] comprehensive guidelines scoresheet shall be prepared for each defendant covering all
 
 *707
 
 offenses pending before the court for sentencing.” Furthermore, rule 3.702(d)(4) defines an “additional offense” as “any offense, other than the primary offense, pending before the court for sentencing.” In this case, the resentencing in 2000 was not based on a violation of probation, but rather on the fact that the first sentencing hearing had been conducted under laws not constitutionally enacted. Thus the “re-sentencing” in 2000 is actually intended under
 
 Heggs
 
 to serve as the original sentencing hearing that he should have received in February 1996.
 

 In February 1996, when Baez was sentenced on the first set of cases, the second set was not pending before the court for sentencing, Although the court at the 2000 resentencing — which was based on the
 
 Heggs
 
 error- — was probably correct in stating that but for the granting of the motion to suppress and the ensuing appeal, all of the cases would have been dealt with in 1996, the fact is they were not. The trial court had granted the motion to suppress, and the State had appealed that decision. As such, those cases were not “pending before the court for sentencing” in February 1996 and should not have been included on the newly-calculated 1994 scoresheet as additional offenses when the court resentenced Baez in 2000 on the first set of cases.
 
 See Clark v. State,
 
 572 So.2d 1387, 1390-91 (Fla.1991) (“[A]s a general rule, an offense should not be considered as ‘pending’ before the trial court for sentencing unless a verdict of guilt or a plea of guilty or nolo contendere has been obtained.”). Here, Baez did not enter his pleas to the second set of cases until June 1996.
 

 We therefore reverse Baez’s sentences on the robbery with a firearm counts in cases 96-CF-2379, 96-CF-2922, 96-CF-2923, and 96-CF-2924 and the burglary count in case 96-CF-3272 and remand for resentencing using a 1994 scoresheet that does not include additional offense points for the offenses charged in cases 96-CF-3273, 96-CF-3274, and-96-CF-3275.
 

 Reversed and remanded.
 

 ALTENBERND and LaROSE, JJ., Concur.
 

 [1]
 

 .
 
 Heggs v. State,
 
 759 So.2d 620 (Fla.2000).
 

 [2]
 

 . The record before us does not indicate that the trial court made any findings that would justify an upward departure.