WARNER, J.
 

 We affirm the denial of appellant’s
 
 ninth
 
 motion to correct an illegal sentence. Appellant claims that his habitual felony offender sentence is illegal because a prior grand theft conviction cannot serve as a predicate conviction for HFO sentencing. He is wrong.
 
 See
 
 § 775.084(l)(a), Fla. Stat. (1999).
 

 It continues to concern us that Florida Rule of Criminal Procedure 3.800 permits a prisoner to file a motion to correct an illegal sentence at any time, and there is no limit on the number of such motions which can be filed.
 
 See State v. McBride,
 
 848 So.2d 287, 290 (Fla.2003) (“Florida courts have held, and we agree, that the phrase ‘at ány time’ allows defendants to file successive motions under rule 3.800.”). This has led to the proliferation of successive filings by prisoners and a substantial and costly increase in workload for both trial and appellate courts.
 

 Rule 3.800(a) needs to be amended to require the prisoner to raise all contentions of illegality in the same motion and within two years of the sentence. The illegality of the sentence is present when the sentence is imposed. It shouldn’t take ten or fifteen years to discover it. We require rale 3.850 motions for postconviction relief to be brought within two years, and only one such motion can be brought, with certain limited exceptions. Likewise, limiting rale 3.800(a) motions would not deprive prisoners of any right. It would only reduce the cost of prisoner litigation.
 

 Affimed.
 

 POLEN and STEVENSON, JJ., concur.