THOMAS, J.
We review an order denying Appellant’s motion for postconviction relief based on two claims asserted under Florida Rule of Criminal Procedure 3.800(a). Appellant’s probation was revoked more than a decade ago after he entered a negotiated guilty plea to sexual battery. Although we affirm one of the claims raised, we must reverse and remand on the second ground, *724 despite Appellant’s decade-long delay in raising the argument. We join the Fourth District in recommending that Florida Rule of Criminal Procedure 3.800(a) be amended to require that such claims be filed in a single motion raised within two years of the date of sentence. Bauer v. State, 31 So.3d 220 (Fla. 4th DCA 2010).
Appellant was sentenced in 1998 to nine months in jail, followed by one year of probation. He later violated his probation and was sentenced to 12.7 years in prison. Appellant now claims that the scoresheet used during this negotiated sentence incorrectly included points assessed for victim injury based on sexual penetration. In addition, Appellant asserts that when the trial court revoked his probation, it improperly assessed points for an additional offense of armed robbery, which he claims was not pending and thus not subject to scoring under the sentencing guidelines in effect at the time of his crime. Appellant fails to note whether he entered a plea to his violation of probation.
We reject Appellant’s argument that he can raise an alleged sentencing scoresheet error following his negotiated sentence to the underlying offense after his probationary sentence is revoked. Tasker v. State, 12 So.3d 889 (Fla. 1st DCA 2009) (holding that argument was unpreserved where defendant claimed erroneous scoring of victim injury points in negotiated sentence that resulted in probation which was later revoked); rev. granted, 29 So.3d 292 (Fla.2009); Hill v. State, 730 So.2d 322, 323 (Fla. 1st DCA 1999) (“Any error on a scoresheet is harmless where a defendant’s sentences are the result of his negotiated plea agreement.”).
We must remand, however, on Appellant’s second claim asserted below. We write to express our view that criminal defendants who think they have a legitimate claim of an illegal sentence should not wait for years to pass before asserting such claims, when more timely remedies are available. See Brooks v. State, 969 So.2d 238, 241 (Fla.2007) (noting that defendant has three opportunities to raise sentencing errors before seeking relief under Fla. R.Crim. P. 3.800(a), including direct appeal, Fla. R.Crim. P. 3.800(b) motion, and Fla. R.Crim. P. 3.850 motion). In this case, because Appellant’s second claim must be addressed by the trial court, we must remand many years after the case was resolved in the trial court.
This type of delay imposes costs and burdens on the courts, on the public which funds the courts, and on other defendants who assert their claims in a more timely manner. Thus, we agree with the Fourth District that Florida Rule of Criminal Procedure 3.800(a) should be amended to require that any illegal sentence claim be raised in one motion and filed within two years of the date the sentence is imposed. Bauer, 31 So.3d 220 (affirming denial of ninth motion for relief and recommending that Fla. R.Crim. P. 3.800(a) be amended to prohibit successive and untimely claims of illegal sentence).
Florida courts are inundated with post-conviction claims at both the trial and appellate levels, and finality in criminal cases remains elusive. See Hepburn v. State, 934 So.2d 515 (Fla. 3d DCA 2005) (noting right of access to courts, but recognizing damage caused by repeated litigation challenging a plea, and citing statute declaring legislature’s intent that “ ‘all terms and conditions of direct appeal and collateral review [shall] be strictly enforced.’ § 924.051(8), Fla. Stat. (2005) (emphasis added).”). Although this case does not involve successive litigation, it involves a claim that could have and should have been raised many years ago. The same policy reasons that support the limitation of collateral litigation also support the enforcement of timely litigation of postcon-viction claims.
*725 Current law requires both this court and the trial court to consider Appellant’s claim of an allegedly incorrect scoresheet used during his probation revocation, unless on remand it is determined that the revocation sentence was imposed as part of a negotiated plea. Clark v. State, 572 So.2d 1387, 1390-91 (Fla.1991) (noting that general rule is that “an offense should not be considered as ‘pending’ before the trial court for sentencing unless a verdict of guilt or a plea of guilty or nolo contendere has been obtained.”); Baez v. State, 9 So.3d 705 (Fla. 2d DCA 2009) (remanding for consideration of 3.800 claim based on assertion that additional offenses were not pending at time of sentencing). Thus, we must remand under Florida Rule of Criminal Procedure 3.800(a) for the trial court to have the opportunity to attach record documents regarding Appellant’s probation revocation that refute Appellant’s claims, despite Appellant’s extreme delay in his assertion of these claims.
HAWKES, C.J., concurs; BENTON, J., concurs in the judgment.