ON ORDER TO SHOW CAUSE

PER CURIAM.
In his 2000 case, Eli Cortes [“Cortes”] was convicted of three drug trafficking charges, and his convictions and sentences were affirmed on direct appeal. Cortes v. State, 827 So.2d 1012 (Fla. 5th DCA 2002). He subsequently filed several other post-conviction motions and appeals pertaining to the 2000 convictions and sentences. In this current proceeding, Cortes appealed the denial of his two most recent rule 3.800(a) motions to correct illegal sentence. We affirmed, Cortes v. State, 48 So.3d 855 (Fla. 5th DCA 2010), then issued a show cause order pursuant to State v. Spencer, 751 So.2d 47 (Fla.1999), because the motions appeared to be successive and/or procedurally barred.
Having considered Cortes’ response, we conclude that he has provided no valid reason for filing this frivolous appeal, that *391 he is abusing the judicial process, and that he should be barred from further pro se filings. We therefore prohibit Cortes from filing with this Court any further pro se pleadings concerning Orange County Circuit Court Case No. 00-CF-4485. See Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995); see also Bauer v. State, 31 So.3d 220, 220 (Fla. 4th DCA 2010). Any additional pleadings or motions in this case will be summarily rejected by the Clerk, unless they are filed by a member in good standing with The Florida Bar.
The Clerk of this Court is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary action. See §§ 944.09, 944.279(1), 944.28(2), Fla. Stat. (2010).
Future pro se filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
GRIFFIN, SAWAYA, and JACOBUS, JJ., concur.