ON ORDER TO SHOW CAUSE
 

 PER CURIAM.
 

 We have already affirmed the trial court’s denial of appellant’s fifth Rule 3.850 motion for postconviction relief which was untimely and successive. Appellant has persistently raised meritless challenges to the 2003 revocation of his probation. Appellant’s abuse of postconviction process
 
 *1178
 
 interferes with the administration of justice and damages the remedy for others.
 
 See McCutcheon v. State,
 
 44 So.3d 156, 161 (Fla. 4th DCA 2010).
 

 We issued an order requiring appellant to show cause why this court should not impose the sanction of no longer accepting his
 
 pro se
 
 filings as to this case.
 
 See State v. Spencer,
 
 751 So.2d 47 (Fla.1999). Appellant has responded but fails to excuse his abuse of process. He contends that, when this court granted him a belated appeal of his resentencing in 2007,
 
 see Fox v. State,
 
 997 So.2d 420 (Fla. 4th DCA 2008) (affirming the belated appeal granted in case number 4D07-S474), this opened up a new two-year window to bring postconviction challenges. He argues, therefore, that his latest postconviction motion is not untimely, nor successive. We reject this argument.
 

 Appellant filed two distinct Rule 3.850 motions challenging the 2003 revocation of his probation which were fully litigated, denied, and affirmed before the 2007 belated appeal.
 
 See Fox v. State,
 
 949 So.2d 212 (Fla. 4th DCA 2007);
 
 Fox v. State,
 
 956 So.2d 465 (Fla. 4th DCA 2007). The belated appeal granted in 2007 concerned appellant’s 2006 resentencing only.
 
 See Fox v. State,
 
 921 So.2d 701 (Fla. 4th DCA 2006) (reversing and remanding for resentencing because sentencing was a critical stage requiring defendant’s presence). Appellant thereafter filed two more postconviction motions again challenging the 2003 revocation of his probation. These successive motions were denied and affirmed on appeal.
 
 See Fox v. State,
 
 977 So.2d 589 (Fla. 4th DCA 2008);
 
 Fox v. State,
 
 4 So.3d 1239 (Fla. 4th DCA 2009). The trial court properly denied this fifth postconviction motion as untimely and successive. In this motion, appellant again raised variants of a meritless claim that he has raised in each of his last two motions.
 
 [1]
 
 We have repeatedly reviewed the claim which we find wholly without merit.
 

 All things must come to an end, and so it is with postconviction challenges. We therefore direct the clerk of this court to no longer accept filings from appellant directed at his conviction and sentence in Palm Beach circuit court case number 99-13662 unless they are signed by a member in good standing of The Florida Bar.
 

 WARNER, STEVENSON and CIKLIN, JJ., concur.
 

 [1]
 

 . The claims are focused on discrepancies regarding the serial number of the $20 bill that the undercover officer used to buy drugs from appellant. The officer testified at the 2003 VOP hearing that hé bought the drugs from appellant with the bill, but appellant did not have the $20 bill in his possession when he was arrested. The discrepancies regarding the serial number of the bill provide no basis for postconviction relief under the circumstances of this case.