ON ORDER TO SHOW CAUSE

PER CURIAM.
Appellant, Craig Floyd, was convicted in 1999 of two counts of burglary of a structure, one count of armed burglary of a structure, one count of criminal mischief, and two counts of felony petit theft. He is serving a sentence of life imprisonment. After his judgment and sentence became final in 2000,[1] he filed three rule 3.850 motions for post-conviction relief, three rule 3.800(a) motions to correct sentence, and two petitions for writ of habeas corpus, which all lacked merit or were procedurally barred. The instant proceeding was filed as a petition for writ of prohibition in the Supreme Court of Florida, which transferred it to the circuit court in Lake County. The circuit court treated the petition as a rule 3.850 motion and denied it as procedurally barred.
After affirming the order denying relief on February 22, 2011, we issued an order directing Floyd to show cause why he should not be barred from further pro se filings in this Court. See generally State v. Spencer, 751 So.2d 47 (Fla.1999). Floyd did not file a response to the show cause order. We conclude that he is abusing the judicial process and should be barred from further pro se filings.
We now prohibit Craig Floyd from filing with this Court any more pro se petitions or appeals concerning Lake County Case No. 99-CF-336. The Clerk of this Court is directed not to accept any further pro se filings from Floyd which violate this prohibition. Any additional pleadings regarding this case will be accepted only if signed by a member in good standing with The Florida Bar. See Durr v. State, 57 So.3d 264 (Fla. 5th DCA 2011); Johnson v. State, 652 So.2d 980 (Fla. 5th DCA 1995); Isley v. State, 652 So.2d 409 (Fla. 5th DCA 1995).
Future pro se filings PROHIBITED; Certified opinion FORWARDED to Department of Corrections.
ORFINGER, TORPY, and LAWSON, JJ., concur.

. See Floyd v. State, 758 So.2d 1265 (Fla. 5th DCA 2000).