ON ORDER TO SHOW CAUSE

PER CURIAM.
In his three 1995 cases, John W. Crit-tenden entered into plea agreements and received concurrent prison sentences, followed by probation. In his subsequent appeal, this Court affirmed in all respects, except for reversing Crittenden’s conviction and sentence for grand theft on double jeopardy grounds. Crittenden v. State, 684 So.2d 857 (Fla. 5th DCA 1996).
For the last fifteen years, we have considered and rejected numerous actions attacking Crittenden’s convictions and sentences. See, e.g., Crittenden v. State, 988 So.2d 1105 (Fla. 5th DCA 2008) (Table); Crittenden v. State, 969 So.2d 1036 (Fla. 5th DCA 2007) (Table); Crittenden v. State, 840 So.2d 255 (Fla. 5th DCA 2003) (Table); Crittenden v. State, 743 So.2d 1173 (Fla. 5th DCA 1999) (Table).[1] Crittenden now seeks a belated appeal of the denial of his latest postconviction motion to correct illegal sentence filed pursuant to Florida Rule of Criminal Procedure 3.800(a). In the motion, Crittenden attacked his upward departure sentences imposed pursuant to section 921.0016, Florida Statutes (1993), after he violated his probation in 2004 by committing a new drug trafficking offense. Because he made the same arguments in a previous rule 3.800(a) motion, the instant motion was denied as it was successive. See McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983). Accordingly, we denied the belated appeal by separate order. On that same date, this Court also entered a show cause order pursuant to section 944.279, Florida Statutes (2010), and State v. Spencer, 751 So.2d 47, 48-49 (Fla.1999). Having carefully considered Crittenden’s response, we conclude that he has provided no valid reason for filing this frivolous petition based upon an untimely notice of appeal, misleadingly made to appear as if it was timely filed.
“A part of the Court’s responsibility is to see that [the Court’s limited] resources are allocated in a way that promotes the interests of justice. The continual processing of [a] petitioner’s frivolous [filings] does not promote that end.” In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 *1186 (1989); see Bauer v. State, 31 So.3d 220, 220 (Fla. 4th DCA 2010) (“It continues to concern us that [rule] 3.800 permits a prisoner to file a motion to correct an illegal sentence at any time, and there is no limit on the number of such motions which can be filed.... This has led to the proliferation of successive filings by prisoners and a substantial and costly increase in workload for both trial and appellate courts.”); Henderson v. State, 903 So.2d 999, 1000 (Fla. 5th DCA 2005) (explaining that no matter how repetitious or frivolous a filing is, it requires some portion of court’s limited resources; it is court’s responsibility to see that these resources are allocated in way that promotes interests of justice).
We conclude that Crittenden is abusing the judicial process and that he should be barred from further pro se filings. We, therefore, prohibit Crittenden from filing any more pro se pleadings with this Court concerning Marion County Fifth Circuit Court Case Nos. 95-2251-CF, 95-973-CF, and 95-1384-CF. See, e.g., Fox v. State, 60 So.3d 1177, 1178 (Fla. 4th DCA 2011) (“All things must come to an end, and so it is with postconviction challenges.”); Britt v. State, 931 So.2d 209, 210 (Fla. 5th DCA 2006) (finding that defendant’s “pro se filings have become frivolous, an abuse of process, and a waste of the taxpayers’ money”); Isley v. State, 652 So.2d 409, 410-11 (Fla. 5th DCA 1995) (“Enough is enough.”). Any additional pleadings regarding this case will be accepted only if signed by a member in good standing with The Florida Bar. See Floyd v. State, 62 So.3d 1228, 1229 (Fla. 5th DCA 2011); Durr v. State, 57 So.3d 264 (Fla. 5th DCA 2011).
Section 944.279, Florida Statutes (2010), reads in part:
944.279. Disciplinary procedures applicable to prisoner for filing frivolous or malicious actions or bringing false information before court.—
(1) At any time, and upon its own motion ... a court may conduct an inquiry into whether any action or appeal brought by a prisoner was brought in good faith. A prisoner who is found by a court ... to have brought a frivolous or malicious collateral criminal proceeding ..., or who knowingly or with reckless disregard for the truth brought false information or evidence before the court, is subject to disciplinary procedures pursuant to the rules of the Department of Corrections....
(Emphasis added). The Clerk of this Court is directed to forward a certified copy of this opinion to the appropriate corrections institution for consideration of disciplinary procedures. See §§ 944.09, 944.279(1), 944.28(2), Fla. Stat. (2010). We will not entertain any rehearing on this matter.
Future pro se filings PROHIBITED; Certified Opinion FORWARDED to Department of Corrections.
ORFINGER, C.J., LAWSON and COHEN, JJ., concur.

. We reiterate that a per curiam affirmance without opinion is not an indication that the case was not considered on the merits. Each and every appeal receives the same degree of attention. See, e.g., Elliott v. Elliott, 648 So.2d 137 (Fla. 4th DCA 1994) (containing detailed discussion of use of per curiam affir-mances, including explanation that affir-mance without written opinion signifies no error and written opinion would serve no useful purpose, but is not indication that appellate court overlooked any argument).