COHEN, J.
In 2002, David Harrieharan was convicted for the kidnapping and second-degree murder of Jose Vasquez and sentenced to two concurrent thirty-year terms of imprisonment. Harrieharan appealed his convictions, and this Court per curiam affirmed. Harricharan v. State, 871 So.2d 896 (Fla. 5th DCA 2004).
Since then, Harrieharan has filed four pro se collateral challenges, including four motions for rehearing or rehearing en banc, all of which have been without merit. In his current habeas petition, Harrichar-an made the same arguments raised in prior appeals, prompting this Court to deny the petition and issue a Spencer[1] show-cause order. Instead of a response from Harrieharan, this Court received a response from an attorney.[2] Counsel for Harrieharan argued that a Spencer order cannot be entered against a litigant who is currently represented by counsel. Counsel then proceeded to rehash the same issues already decided in the many years since the 2002 conviction.
We conclude that Harrieharan is abusing the judicial process and should be barred from further pro se filings. The fact that an attorney has responded to our show-cause order does not impact our decision to prohibit Harrieharan from further pro se filings. Therefore, we now prohibit Harrieharan from filing with this Court any more pro se petitions or appeals concerning Seminole County case number 99-711-CFA. The Clerk of this Court is directed not to accept any further pro se filings from Harrieharan that violate this prohibition. Any further pleadings will be rejected unless signed by a member in good standing of The Florida Bar. See Floyd v. State, 62 So.3d 1228 (Fla. 5th DCA 2011).
Future pro se filings PROHIBITED; Certified opinion FORWARDED to Harri-charan and the Department of Corrections.
ORFINGER, C.J., and BERGER, J., concur.

. State v. Spencer, 751 So.2d 47 (Fla.1999).

. The attorney filed a notice of appearance after Harrieharan filed the petition and reply, but before this Court issued its order denying the petition.