DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**KENNETH LINDSEY MAYFIELD,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-0356

[January 21, 2026]

Appeal from the County Court for the Nineteenth Judicial Circuit, St. Lucie County; Jeffrey Hendriks, Judge; L.T. Case No. 562023MM002487A.

Daniel Eisinger, Public Defender, and Benjamin Nathaniel Paley, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Nathanial Leblanc, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

*Affirmed.*

MAY, CIKLIN, and LOTT, JJ., concur.
LOTT, J., concurs with separate opinion.

LOTT, J., concurring.

I fully join our summary affirmance in this case.

I write separately to address some of Appellant's complaints regarding the summary affirmance, otherwise known as the "per curiam affirmance" or "PCA." In particular, Appellant complains that "a PCA can give the impression that this Court does not care about the issues presented." Appellant's Brief at 17. Appellant is not alone in raising such concerns.[1]

---

[1] *See, e.g.,* Bennett H. Brummer, *Independent, Professional Judgment: The Essence of Freedom*, 10 St. Thomas L. Rev. 607, 615 n.31 (1998) ("The current PCA practice deprives litigants of an understanding of the basis on which their

In my view, one of the root causes for the proliferation of the PCA in Florida appellate jurisprudence is the lack of any selective publication mechanism.[2]  A selective publication system could be a resource-conscious means to address the complaints that Appellant and others like him have made against the PCA.  Let me explain.

---

cases are decided, increases the likelihood that arguable issues will be overlooked, sometimes conceals inconsistent intradistrict and interdistrict dispositions, detracts from the public's confidence in the district courts' accessibility and fairness, obstructs access to and review in the supreme court, and generally diminishes the reliability of individual decisions and the appellate process in general."); District Court of Appeal Workload and Jurisdiction Assessment Committee, *Report and Recommendations*, *Appendix B (Minutes from September 7, 2006 Meeting)* at 9 (2006), https://flcourts-media.flcourts.gov/content/download/242828/file/2006_DCAReport.pdf ("[T]he committee agreed that PCAs are an ongoing problem that is reaffirmed by the information received by the Committee.  It negatively affects public trust and confidence."); Steven Brannock & Sarah Weinzierl, *Confronting A PCA: Finding a Path around a Brick Wall*, 32 Stetson L. Rev. 367, 369 (2003) ("[C]omplaints about PCAs far surpass their praises."); Ezequiel Lugo, *The Conflict PCA: When an Affirmance Without Opinion Conflicts with A Written Opinion*, 85-APR Fla. B.J. 46 (2011), ("[Such] criticism [of PCAs] appears valid because similarly situated appellants throughout the state sometimes receive disparate treatment by different panels of the same court or different district courts."); Adam Richardson, *Is the PCA Constitutional?*, 99-JUN Fla. B.J. 32 (2025) ("Lawyers have complained about [PCAs] for decades.").

[2] Plenty of others have, to be sure, considered such a system.  *See, e.g.,* Harry Lee Anstead, *Selective Publication: An Alternative to the PCA?*, 34 U. Fla. L. Rev. 189 (1982), https://scholarship.law.ufl.edu/flr/vol34/iss2/2/ (considering and recommending Florida courts adopt, in part, such a system); Stephen Krosschell, *DCAs, PCAs, and Government in the Darkness*, 1 Fla. Coastal L.J. 13, 64 (1999) ("[A] selective publication rule has significant advantages over Florida's present system."); Florida Judicial Management Council, *Final Report and Recommendations, Committee on Per Curiam Affirmed Decisions,* at 32 (May 2000), https://flcourts-media.flcourts.gov/content/download/242834/file/pca-report.pdf (considering whether present publication system should be modified to include a system of unpublished opinions but ultimately declining to address the issue as beyond the scope of its report given that such a system would have only an "indirect effect" on the use of PCAs); Craig E. Leen, *Without Explanation: Judicial Restraint, Per Curiam Affirmances, and the Written Opinion Rule*, 12 FIU L. Rev. 309, 324 (2017) ("To the extent district appellate courts are concerned about writing short explanations that could then become binding precedent with unintended consequences, allowing issuance of short unpublished opinions may solve this problem.").

\* \* \*

Federal appellate courts, and many other states' appellate courts, have a "selective publication" system in which panels may select which opinions are to be published and accordingly afforded precedential effect, and which opinions are not to be published and thus not afforded precedential effect.[3] For federal courts, published opinions are published into the Federal Reporter, whereas unpublished opinions are published into the Federal Appendix. Unpublished opinions may, depending on a court's rules, be cited as persuasive authority, but need not be followed as precedent by any other panel or court.

Florida, by contrast, has no selective publication regime. To the contrary, rule 9.040(i) provides that "the court must make publicly available on the court's website all written opinions entered on an appeal or petition," and our precedent holds that "the decisions of the district courts of appeal represent the law of Florida unless and until they are overruled by this Court." Fla. R. App. P. 9.040(i); *Pardo v. State*, 596 So. 2d 665, 666 (Fla. 1992) (cleaned up). Written appellate decisions are binding not only on subsequent panels of that appellate court[4] but also on

---

[3] *See, e.g.*, 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority"); U.S.Ct. of App. 11th Cir. R. 36-3 ("At any time before the mandate has issued, the panel, on its own motion or upon the motion of a party, may by unanimous vote order a previously unpublished opinion to be published"); 11th Cir. R. 36-2, I.O.P. 2 ("Under the law of this circuit, published opinions are binding precedent.") *see also Jennings v. Sec'y, Fla. Dep't of Corr.*, 108 F.4th 1299, 1304 (11th Cir. 2024) ("Under this Circuit's prior-panel-precedent rule, [a] holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting en banc.") (cleaned up); *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1326 (11th Cir. 2024) ("We must follow precedent embodied in published opinions."); *Patterson v. Georgia Pac., LLC*, 38 F.4th 1336, 1346 (11th Cir. 2022) ("Our unpublished opinions are not precedential, so they do not bind us or district courts to any degree.").

[4] *See Fox v. Fox*, 262 So. 3d 789, 792 (Fla. 4th DCA 2018) ("A panel of our court has no authority to overrule or recede from our precedent on the same legal issue."); *see also BAM Trading Services, Inc. v. Office of Fin. Regulation*, 395 So. 3d 687, 694 n.\* (Fla. 1st DCA 2024) (Bilbrey, J., concurring) ("Except the relatively new Sixth District, which has apparently not addressed the issue, the prior panel precedent doctrine is followed by all Florida district courts."); *but see id.* at 694–98. (Tanenbaum, J., concurring) (advocating departure from prior panel precedent rule).

every trial court in the state (absent a conflict among the appellate courts).[5]

The PCA, and its cousin the "citation PCA," are the lone exceptions to the precedent rule. "[A] per curiam affirmance decision without written opinion has no precedential value and should not be relied on for anything other than res judicata." *State v. Swartz*, 734 So. 2d 448, 448 (Fla. 4th DCA 1999) (citation omitted).[6] Indeed, PCAs inherently cannot be of precedential value because "[w]ithout a written opinion, the trial court could only speculate regarding the rationale underlying this court's per curiam affirmance decision." *Id.*[7]

Thus, the PCA is the only option available to panels of appellate judges who do not wish for their opinion in a particular case to be "the law of Florida."

There are many reasons why a panel would not want to create precedent in a case. The most pressing is judicial economy, for at least two reasons. First, given the impact of a precedential opinion, a published opinion needs to accurately reflect existing precedent and the law, even if the parties' briefs do not thoroughly or accurately discuss it. It takes enormous court resources to do a good job of this.[8] Second, not every case merits a publication-quality opinion that is binding on future courts.

---

[5] *See Nader v. Fla. Dep't. of Highway Safety & Motor Vehicles*, 87 So. 3d 712, 724 (Fla. 2012) ("[T]here is a judicially imposed requirement that a circuit court must abide by precedent from another district court of appeal if no precedent exists from its own district.").

[6] Citation PCAs are not reviewable by the Florida Supreme Court so long as the cited cases are good law and not under review. *See Persaud v. State*, 838 So. 2d 529, 532 (Fla. 2003); *see also Jollie v. State*, 405 So. 2d 418, 422 (Fla. 1981) (Boyd, J., dissenting) ("A citation of authority is not an opinion.").

[7] *Accord State Comm'n on Ethics v. Sullivan*, 430 So. 2d 928, 932 (Fla. 1st DCA 1983) ("The case law on the effect of a 'per curiam, affirmed' decision (PCA) is clear: It becomes the law of the case, is res judicata, but is not stare decisis.").

[8] *Accord Committee on Per Curiam Affirmed Decisions, supra* note 3, at x ("The PCA Committee is of the opinion that the present caseload facing each district court judge would make such opinion writing a significant burden, in terms of judicial time, and could subtract from time available for writing opinions in cases where such writing is more deserved.").

Issuing such would clog up the reporters without meaningfully developing or clarifying the law.[9]

I, for one, would welcome a system of selective publication which would allow district judges in appropriate cases to issue non-precedential opinions binding only on the parties before them that explain their reasoning in those cases with more specificity than a PCA.[10]

District judges and others, to be sure, have lodged many sound defenses of the PCA.[11] Thus a selective publication system need not, and should not, end the PCA entirely.

---

[9] *Accord Committee on Per Curiam Affirmed Decisions, supra* note 2, at 3 ("[M]any appeals that come before the DCAs are matters well established by law and that written opinions in these matters would serve not to further define but confuse the law, and further clutter an already crowded reporter system"); *Whipple v. State*, 431 So. 2d 1011, 1012 (Fla. 2d DCA 1983) (declining to write opinion where "an opinion would not have been of any significant assistance to the bench or bar of this state").

[10] I do not doubt that this is a minority position among district judges. *See, e.g., Williams v. State*, 425 So. 2d 1163, 1164 n.1 (Fla. 5th DCA 1983) (Orfinger, C.J., concurring specially) ("In this writer's opinion, selective publication would enhance, rather than alleviate, appellate overload problems, because wherever the system is used, there is usually a concomitant requirement that an opinion of some kind be written in every case, even if not for publication.").

[11] *See, e.g., Elliott v. Elliott*, 648 So. 2d 137, 138 (Fla. 4th DCA 1994) ("[T]he notion that an appellate practitioner would view a per curiam disposition, without opinion, as lacking in a meaningful review is absolutely astounding."); *Horn v. Marine Hosp. Corp.*, 745 So. 2d 329, 330 (Fla. 4th DCA 1998) ("In cases so lacking in merit as this one, however, a written opinion would serve no useful purpose. An opinion would not explain anything to the appellant that would not already be apparent from the record in this case. Other cases in which we routinely affirm without opinion are (1) those in which appellant is unable to establish error because of the lack of a transcript of a trial, (2) those in which the appellant has failed to preserve the error by making an objection in the trial court, and (3) those in which litigants (often pro se) are unable to identify any specific error made by the trial court but are simply unhappy with the result. Those who would advocate requiring appellate courts to write opinions in all cases would be surprised at how many cases fall in the above categories . . . . [A PCA would] unnecessarily enlarge the Southern Reporter and further burden attorneys with their research.") (quotation and citation omitted); *Foley v. Weaver Drugs, Inc.*, 172 So. 2d 907, 908 n.2 (Fla. 3d DCA 1965) ("[O]pinions generally are dispensed with upon affirming cases which do not involve new or unusual points of law, or which turn on facts to which established rules of law are applicable, or where a full or adequate opinion has been supplied by the trial judge; and where the writing of

Indeed, summary affirmances are explicitly permitted in Federal Rule of Appellate Procedure 36(a)(2) and routinely issued by federal courts even in lieu of unpublished opinions.[12]

Rather, a selective publication system would preserve the PCA while also allowing many of the benefits of the PCA to be manifested in short unpublished opinions, providing an avenue for panels to explain their reasoning to litigants in appropriate cases sufficiently for litigants to understand that their arguments were, indeed, thoroughly considered and rejected on the merits.[13]  Further, while a panel might choose to spend marginally more resources drafting unpublished affirming opinions than it would drafting PCAs, it could conserve resources in a new-found ability to issue shorter, non-precedential reversing opinions.

---

an opinion would be without useful purpose, serving only to satisfy the parties that the court adverted to the issues and gave them attention, and to add needlessly to an already excessive volume of opinions."); *Whipple*, 431 So. 2d at 1015 ("The fact remains, however, that most of the cases cited by zealous advocates as being in direct conflict with our PCA decisions are simply not close enough to write about."); *Crittenden v. State*, 67 So. 3d 1184, 1185 n.1 (Fla. 5th DCA 2011) ("We reiterate that a per curiam affirmance without opinion is not an indication that the case was not considered on the merits.  Each and every appeal receives the same degree of attention."); *Committee on Per Curiam Affirmed Decisions, supra* note 3, at x (largely defending PCAs); *see also* H. Michael Muñiz, *Oh No! Not A Per Curiam Affirmed Decision on My Appeal*, 93-JUN Fla. B.J. 26 (2019) at 28 (identifying six circumstances for PCAs and noting that "[o]bjectively considered, such grounds may not be deemed unreasonable.").

[12] One survey found that the Court of Appeals for the Federal Circuit issued Rule 36 summary affirmances in 16 to 32 percent of judgments each year in an eight-year period.  *See* Daniel Roberts, et al., *Predicting Fed. Circ. Rule 36 Affirmances in Patent Cases*, Law 360 (October 12, 2021), https://www.dechert.com/content/dam/dechert%20files/people/bios/h/kathe rine-a--helm/Predicting-Fed-Circ-Rule-36-Affirmances-In-Patent-Cases.pdf.

[13] *Accord* Anstead, 34 U. Fla. L. Rev. at 215 ("Adding selective publication to the list of opinion options available to Florida appellate judges will not guarantee a written opinion in every case.  It will, however, remove one existing obstacle by permitting judges to write opinions for the benefit of the parties without worrying that by doing so an additional burden is being placed on the legal community.").

\*      \*      \*

This is all quite hypothetical for now. It does not appear that any mechanism for selective publication could come about without concerted change to Supreme Court precedent and the appellate rules.[14]

Until such change occurs, the PCA will not be going anywhere.

I therefore join our PCA in this case.

\*      \*      \*

***Not final until disposition of timely-filed motion for rehearing.***

---

[14] *Cf.* Anstead, 34 U. Fla. L. Rev. at 201 (discussing consideration and rejection of selective publication by Appellate Rules Committee).