PER CURIAM.
The jury found the defendant, Jonathan Simmons, guilty of numerous crimes. All counts arose from a single criminal episode, except for Count XII. The trial court sentenced the defendant as an habitual violent felony offender and ordered that the sentences run consecutively.
In Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S.—, 115 S.Ct. 278,130 L.Ed.2d 195 (1994), the court held:
[w]e find nothing in the language of the habitual offender statute which suggests that the legislature also intended that, once the sentences from multiple crimes committed during a single criminal episode have been enhanced through the habitual offender statutes, the total penalty should then be further increased by ordering that the sentences run consecutively.
Therefore, in the instant case, we vacate the defendant’s sentence and remand for resen-tencing with directions to impose concurrent sentences, except as to Count XII. Further, we also certify the same question certified in Hill v. State, 645 So.2d 90 (Fla. 3d DCA 1994), as being one of great public importance:
Whether Hale v. State, 630 So.2d 521 (Fla. 1993), cert. denied, [— U.S. —, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994)], precludes under all circumstances the imposition of consecutive sentences for crimes arising from a single criminal episode for habitual felony or habitual violent felony offenders?
The remaining points raised by the defendant lack merit. Accordingly, the defendant’s sentences are remanded for resentenc-ing consistent with this opinion.