EMAS, J.
The defendant, Jonathan Simmons, appeals the trial court’s order denying his motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800(a). We note that, between 2004 and 2010, Simmons has filed five appeals of orders denying motions for collateral relief. In four of those five appeals, Simmons raised the exact same issue raised in the instant appeal.[1] In each instance, the trial court denied relief, and in each instance the order denying relief was af *1177 firmed by this Court. As we have done previously, we affirm the trial court’s order in all respects.
Simmons has engaged in the filing of meritless, frivolous and successive claims, and continues to seek relief from the trial court and this Court notwithstanding the repeated adverse determination of the claim on its merits. Simmons’ actions have caused this Court to expend precious judicial resources which could otherwise be devoted to cases raising meritorious claims. Hedrick v. State, 6 So.3d 688, 691 (Fla. 4th DCA 2009) (“A legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.”).
We acknowledge that pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts.[2] However, that right is not unfettered. Although termination of the right to proceed pro se undoubtedly will impose a burden on a litigant who may be unable to afford counsel, the courts must strike a balance between the pro se litigant’s right to participate in the judicial process and the courts’ authority to protect the judicial process from abuse.
The right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So.2d 47 (Fla.1999); see also Illinois v. Allen, 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) (“It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case.”). As our sister court has aptly described it, there comes a point when “enough is enough.” Isley v. State, 652 So.2d 409, 410 (Fla. 5th DCA 1995).
The defendant, Jonathan Simmons, is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions both here and in the lower court relating to his convictions, judgments and sentences in circuit court case number 88-43713. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to this circuit court case number unless it has been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.
Additionally, and absent a showing of good cause, any such further and unauthorized pro se filings by this defendant will subject him to appropriate sanctions, Spencer, 751 So.2d at 49, and a recommendation to the Florida Department of Corrections that the Department take disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2010).
Affirmed.

. Simmons v. McNeil, 21 So.3d 827 (Fla. 3d DCA 2009); Simmons v. State, 17 So.3d 300 (Fla. 3d DCA 2009); Simmons v. State, 951 So.2d 849 (Fla. 3d DCA 2007); Simmons v. State, 931 So.2d 918 (Fla. 3d DCA 2006). In Simmons v. State, 888 So.2d 710 (Fla. 3d DCA 2004), Simmons' motion to correct illegal sentence raised a separate issue. Additionally, Simmons filed a motion for postconviction relief in 1993 and again in 1994, raising the same sentencing issue presented here. Both motions were denied and affirmed on appeal. Simmons v. State, 650 So.2d 126 (Fla. 3d DCA 1995); Simmons v. State, 645 So.2d 477 (Fla. 3d DCA 1994).

. Art. I, § 21, Fla. Const. ("The courts shall be open to every person for redress of any injury ... ”)