# Third District Court of Appeal

## State of Florida

Opinion filed March 8, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2758
Lower Tribunal No. 12-818-K
_____


**Cash W. Pawley, Sr.,**
Appellant,

vs.

**The State of Florida,**
Appellee.


An Appeal from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Cash W. Pawley, Sr., in proper person.

Pamela Jo Bondi, Attorney General, for appellee.


Before EMAS, LOGUE and SCALES, JJ.

EMAS, J.

Cash Pawley appeals from the trial court's order barring him from filing any further motions, pleadings or other documents in Monroe County Circuit Court case number 2012-CFR-818-K unless signed by a member in good standing of the Florida Bar. We affirm this order without further discussion, but issue the following order to show cause.

## ORDER TO SHOW CAUSE

We note that, since the November 13, 2013 filing of a notice of appeal from his conviction and sentence, Pawley has filed at least fifteen pro se collateral appeals or original proceedings related to his conviction or sentence in Monroe County Circuit Court case number 2012-CFR-818-K.[1] In each instance, this court has either affirmed the lower court's decision, denied the relief sought by Pawley, or dismissed the appellate proceeding. Pawley has engaged in the filing of meritless, time-barred and successive claims, and has continued to seek relief from this court on the same claims, notwithstanding prior adverse determinations. Pawley's actions constitute an abuse of the postconviction process and have caused this court to expend precious and finite judicial resources which could otherwise be devoted to cases raising legitimate claims. Hedrick v. State, 6 So. 3d 688, 691

---

[1] See 3D16-2758 (the instant case); 3D16-2286; 3D16-2120; 3D16-1460; 3D16-1287; 3D16-1039; 3D16-005; 3D15-2952; 3D15-2623; 3D14-2999; 3D14-2535; 3D14-1596; 3D14-1080; 3D14-268; and 3D13-3137.

2

(Fla. 4th DCA 2009) (noting "[a] legitimate claim that may merit relief is more likely to be overlooked if buried within a forest of frivolous claims.")

While pro se parties must be afforded a genuine and adequate opportunity to exercise their constitutional right of access to the courts, that right is not unfettered. No party, whether represented or pro se, has the "right" to file frivolous claims. And while a certain amount of leeway is generally accorded to a pro se litigant untrained in the law, the right to proceed pro se may be forfeited where it is determined, after proper notice and an opportunity to be heard, that the party has abused the judicial process by the continued filing of successive or meritless collateral claims in a criminal proceeding. State v. Spencer, 751 So. 2d 47 (Fla. 1999). As our sister court aptly described it, there comes a point when "enough is enough." Isley v. State, 652 So. 2d 409, 410 (Fla. 5th DCA 1995). Although termination of the right to proceed pro se will undoubtedly impose a burden on a litigant who may be unable to afford counsel, courts must strike a balance between the pro se litigant's right to participate in the judicial process and the courts' authority to protect the judicial process from abuse.

Therefore, appellant Cash Pawley is hereby directed to show cause, within thirty days from the date of this opinion, why he should not be prohibited from filing any further pro se appeals, pleadings, motions, or petitions relating to his conviction or sentence in Monroe County Circuit Court case number 2012-CFR-

3

818-K. Absent a showing of good cause, we intend to direct the Clerk of the Third District Court of Appeal to refuse to accept any such papers relating to Monroe County Circuit Court case number 2012-CFR-818-K, unless they have been reviewed and signed by an attorney who is a duly licensed member of The Florida Bar in good standing.

Additionally, and absent a showing of good cause, this court intends to direct that such order be forwarded to the Florida Department of Corrections for its consideration of disciplinary action, including the forfeiture of gain time. See § 944.279(1), Fla. Stat. (2015).

Affirmed. Order to Show Cause issued.