# Third District Court of Appeal

## State of Florida

Opinion filed September 6, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1516
Lower Tribunal No. F12-19634

_____

**Alphonso G. Lucas,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Ineffective Assistance of Counsel.

Alphonso G. Lucas, in proper person.

Ashley Moody, Attorney General, for respondent.

Before EMAS, HENDON and BOKOR, JJ.

EMAS, J.

In 3D23-845, Alphonso G. Lucas filed a petition for writ of habeas corpus, alleging ineffective assistance of appellate counsel. We denied that petition, see Lucas v. State, 365 So. 3d 1181 (Fla. 3d DCA 2023), and thereafter denied Lucas' motion for rehearing. The mandate issued on July 17, 2023.

On August 2, 2023, Petitioner filed the instant petition for habeas corpus, again alleging ineffective assistance of appellate counsel. The petition is identical in all relevant respects. No new claims are raised; no new arguments advanced. Petitioner does allude to the prior petition filed in 3D23-845, and its denial by this court, adding that the State and this court "have continued to overlook the unconstitutional issue that the Petitioner is raising." Petitioner further maintains he has filed this "new" petition "because his argument does contain merit and he is aware of the Court's attempt to procedurally bar further proceedings in this Court."

We dismiss the petition as successive, see Fla. R. App. P. 9.141(d)(6)(C) (appellate rule governing petitions alleging ineffective assistance of appellate counsel, and providing: "The court may dismiss a second or successive petition if it does not allege new grounds and the prior determination was on the merits, or if a failure to assert the grounds was an abuse of procedure"), and place Petitioner on notice that meritless and

successive filings such as these may be deemed frivolous and an abuse of the postconviction process, and may subject Petitioner to sanctions, including an order directing the clerk of this court not to accept any future filings from Petitioner concerning circuit court case number F12-19634 unless such filings are signed by a member in good standing of The Florida Bar.  See also § 944.279(1), Fla. Stat. (2023) (providing: "A prisoner who is found by a court to have brought a frivolous or malicious . . . collateral criminal proceeding . . . is subject to disciplinary procedures pursuant to the rules of the Department of Corrections"); Pawley v. State, 217 So. 3d 128 (Fla. 3d DCA 2017); Simmons v. State, 61 So. 3d 1175 (Fla. 3d DCA 2011).

Petition dismissed.